Battle J.
 

 This cause comes before us upon exceptions to the master’s report.
 

 1st. — The first exception is, that the defendant, John Morris, as executor of William Morris, has been allowed $140 for his services and expenses, besides his commissions. We have looked into his vouchers and find that he charged $41 for
 
 liis.jpersonal
 
 services in making two trips to Georgia, in addition to his expenses. That is erroneous, and to that extent the exception must be sustained — commissions are allowed for the very purpose of remunerating an executor or administrator for the personal attention which he devotes to the estate, and he is not allowed to make an extra charge for it. But he is entitled to be repaid his actual expenses, so that the exception as to the residue of the $140 must be disallowed.
 

 2. — The second exception objects to the allowance of more than $200, for counsel fees. The defendants have produced no testimony to show that the fees charged were unreasonable, or that the executor could have procured the services of able and skilful counsel on better terms than he did. The depositions on file show that the suit was very warmly contested, and required a great deal of labor and attention in preparing it for trial, and great skill, in conducting the trial: and that it was tried three several times before the will was finally established. Under these circumstances we cannot say that the compensation paid to counsel was too much, or that the defendants ought not to be allowed the whole amount which he paid, to wit, $400.
 

 
 *328
 
 3d. — Tlie plaintiff must show that the defendant received interest on moneys in his hands before he can be charged with it. There is no such evidence here, and the third exception must be disallowed.
 

 4th. — The fourth exception must be overruled also, because the plaintiff has produced no testimony tending to show that Elisha Morris, to whom a legacy of $200 is given in the will, was dead at the time of the death of the testator. A presumption of his death from lapse of time since he was last heard of, may have arisen: but if so, it is, so far as we can discover, that he died since the death of the testator. In such case an administrator on his estate must be appointed, to whom the defendant will be accountable.
 

 The report, after being reformed in the particular mentioned in our opinion on the first exception, will be, in all respects, confirmed.