F. K. ELLINGTON AND FRANCIS WOMACK, EXECUTORS OF THOMAS B. WOMACK v. CARY K. DURFEY, SURVIVING EXECUTOR OF FLORENCE P. TUCKER.

(Filed 11 October, 1911.)

**Executors and Administrators—Wills—Compensation—Fixed Sum and Commissions—Death of Executor—Interpretation of Wills.**
    A will provided for the compensation of the two executors, etc., therein named by the maker, that they should receive "out of my estate, in full compensation for all services and responsibilities to be by them rendered and incurred, whether as executors or trustees, the single sum of $2,000 each, and in addition thereto" a commission of a certain per cent of the receipts and disbursements. The executors named entered into the discharge of their duties as such, and collected and disbursed certain sums of money. One of the executors died about two months after the testatrix: *Held,* (1) as to the compensation of the deceased executor, his executors could not recover any part of the fixed sum of $2,000, the time for its payment not being fixed by the will and it being impossible for the courts to prorate it; (2) the Superior Court will fix the percentage of commissions to be allowed upon the receipts and disbursements as upon a *quantum meruit,* not exceeding 5 per cent, and allow one-half thereof to plaintiff's intestate.

APPEAL from *Whedbee, J.,* at February Term, 1911, of WAKE.

This is a controversy, submitted without action, to determine the amount due plaintiff's intestate as one of the executors of

*"Dulce moriens reminiscitur Argos."   Verg., 10 En., 783.

Florence P. Tucker, who died 15 December, 1909, leaving a last will and testament appointing Thomas B. Womack and Cary K. Durfey executors.

This paragraph in the will is the only part of it pertinent to the controversy: "My said executors shall receive out of my estate, in full compensation for all services and responsibilities to be by them rendered and incurred, whether as executors or trustees, the single sum of $2,000 each, and in addition thereto they shall be allowed a commission of 5 per cent on the receipts of income and 2 per cent upon disbursements thereof, and may employ such reasonable clerical assistance as may be necessary. Owing to the trust and confidence I have in Cary K. Durfey, it is my desire that my executors shall continue him in his present position with the same salary I shall be paying him at the time of my death."

The controversy was heard by his Honor, *Judge Whedbee,* at February Term, 1911, Wake Superior Court, who gave judgment that the plaintiff's testator was entitled to $188.31, being one-half of the commissions on income fixed by the will, but no part of the $2,000. Plaintiffs excepted and appealed.

*Aycock & Winston for plaintiffs.*
*Holding & Snow for defendant.*

BROWN, J. The facts set out in the case substantially show that Mrs. Tucker died 15 December, 1909, leaving a will and appointing Thomas B. Womack, her legal adviser, and the defendant as executors. Judge Womack and his coexecutor transacted the business of the estate up to the death of the former, 18 February, 1910.

The question presented is the just compensation due the estate of plaintiff's testator.

It is stated in the record that during the time he acted as executor the receipts of the estate amounted to $46,920.22, not including sales of any real estate, and the disbursements $7,347.66.

The question presented is one of first impression, and we are without precedent or authority to guide us.

IMPROVEMENT CO. *v.* COLEY-BARDIN.

We agree with his Honor below, that the plaintiff's intestate is not entitled to the $2,000, and as the time when it was to be paid is not fixed by the will, it is impossible to prorate it.

The plaintiff's intestate was prevented by death from fully discharging the duties as executor, for which the $2,000 was plainly intended as compensation for all services to be performed by the executor in addition to the commissions on income fixed by the will.

We think, however, that plaintiff's intestate failed to perform all the services, not by his own fault, but because of his untimely death. Consequently we are of opinion that his services should be measured by the just and reasonable rule of *quantum meruit,* and that should be gauged by the compensation allowed by law, had the will fixed no compensation.

We are of opinion that plaintiff's intestate is entitled to one-half of the commissions, not exceeding 5 per cent, upon the sum of $46,920.22, the receipts of the estate, and not exceeding 5 per cent upon the sum of $7,347.66 disbursements.

This of course will not apply to the Executor Durfey, who is living and discharging the duties of sole executor. His compensation will be adjusted by the terms of the will.

The Superior Court will fix the percentage of commissions and allow plaintiff's intestate one-half of the whole.

Reversed.