## REAM v. BOWERS.

Circuit Court of Appeals, Second Circuit.
November 21, 1927.

No. 47.

1. **Internal revenue** ⊚⟹7(8)—**Word "bequest" may include legacy in lieu of dower or to pay debt, or gift to executor on condition that he clothe himself with the character.**

The word "bequest" may include a legacy in lieu of dower, satisfaction of indebtedness, or gift to an executor on condition that the person named shall, in good faith, clothe himself with the character.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bequest.]

2. **Internal revenue** ⊚⟹7(8)—**Payment · made under will to executor held compensation for services, and not "bequest," and subject to income tax (Revenue Act 1916, § 4 [Comp. St. § 6336d]).**

Under will providing that "my executors shall each be paid and shall each receive in full payment for all commissions, percentages, and allowances by statute or otherwise, for acting as executors * * * the sum of $50,000," such sum was received by an executor, in view of law of Connecticut, under which there are no statutory commissions, and further provision in same clause directing payment of compensation to testator's brother and a trust company, as "compensation for personal services," and was subject to income tax under Revenue Act 1916, § 4 (Comp. St. § 6336d), and not exempt as a bequest.

In Error to the District Court of the United States for the Southern District of New York.

Action by Robert C. Ream to recover income taxes from Frank K. Bowers, a Collector of Internal Revenue, which were paid under protest and are alleged to have been illegally exacted. Judgment (14 F.[2d] 993) dismissing the complaint, for failure to state a cause of action, and plaintiff brings error. Affirmed.

Norman B. Ream died a resident of Connecticut, leaving a will which was admitted to probate in 1915 in the Connecticut probate court. By the sixth clause of this will the testator directed that his residuary estate be divided into six equal parts for the benefit of each of his six children. Of these six parts he gave to his sons Norman P. Ream and the plaintiff, Robert C. Ream, and to his daughter Frances M. Kemmerer, one-quarter of his or her share absolutely, and directed that the remainder thereof be held in trust for such son or daughter during his or her life. The remaining three shares he directed should be held in trust for his daughter Marion B. Stephens and his sons Edward K. Ream and Louis M. Ream during their respective lives.

22 F.(2d)—30

In the case of his sons Norman P. Ream, Robert C. Ream, and Louis M. Ream, certain portions of the principal of their trusts were to be paid to them upon their reaching the ages of 35 and 40, and certain powers of appointment by will were given to each of the testator's children over portions of their trusts. No other disposition was made by the testator in the form of devise or bequest in favor of any of his children, but prior to the sixth clause he had given one-third of his property to his wife, and had created certain trusts for the lives of his brother and two sisters, which upon their death were to fall into the residuary estate.

By the twelfth clause of his will the testator appointed as his executors Otto T. Bannard and the testator's two sons Norman P. Ream and Robert C. Ream, the plaintiff. Letters testamentary were issued to these three executors by the Connecticut probate court on the 3d day of March, 1913. Otto T. Bannard was a friend of the testator, and the president of the New York Trust Company hereinafter mentioned.

By the thirteenth clause of the will the testator appointed as the trustees of each of the trusts the New York Trust Company, called the corporate trustee, and his said sons Norman P. Ream and Robert C. Ream, called the individual trustees.

In the fourteenth clause he provided that, in the event of the death or failure or refusal to accept or qualify, or the retirement or removal of either of his executors or individual trustees, he appointed his son-in-law John L. Kemmerer in his place and stead as an executor or an individual trustee, or both, as the case might be.

By the sixteenth clause he regulated the compensation of his executors and trustees as follows:

"Sixteenth. It is my will and I direct that my executors shall each be paid and shall each receive in full payment for all commissions, percentages, and allowances by statute or otherwise, for acting as executors of this my will, the sum of fifty thousand dollars ($50,000) each, and I do also will and direct that my sons Norman P. Ream and Robert C. Ream shall not be paid, nor shall they receive any commission, percentage or allowance by statute or otherwise for acting as trustee hereunder, except a commission of one per cent. to each of them on the amount of the income of the trust estate received and disbursed by the trustees. I further will and direct that the New York Trust Company shall be paid and shall receive in full payment for all commissions, percentages and al-

lowances by statute or otherwise for acting as a trustee of this my will one per cent. of the principal amount of the trust estates received and disbursed by it as trustee, together with one per cent. of the amount of the income of the trust estates received and disbursed by it as trustee."

In April, 1917, the sum of $50,000 was paid to the plaintiff, and in March, 1918, he filed his income tax return with the collector of internal revenue for the Second district of New York for the year 1917, wherein he set forth that he had received the said sum of $50,000 and that he claimed exemption as to this sum, because it was a bequest, and therefore exempt from taxation under the provisions of the income tax laws. Thereafter the defendant, upon an assessment including the said sum of $50,000 as taxable income, made a demand for payment of a tax calculated with respect thereto. Such tax was paid by the plaintiff under protest, and this action brought to recover the sum of $10,204.08, representing the same, together with interest thereon.

The plaintiff alleged that the $50,000 which he had received was a bequest, and therefore not taxable as income. The District Court, upon a motion made by the defendant to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, held that the $50,000 received by the plaintiff were for his services as executor, without relation to any legacy or bequest to him, and that he was not entitled to receive the same without performing the duties required of an executor. The complaint was accordingly dismissed, with leave to amend within 20 days. No amended complaint having been filed, final judgment dismissing the complaint was thereafter granted, from which, by writ of error, the cause is brought before this court.

Choate, Larocque & Mitchell, of New York City (William R. Bayes and Clarence V. S. Mitchell, both of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). Under the Revenue Acts of 1913, 1916, and 1917 (40 Stat. 300) it was provided that there should be levied upon the net income received by each person a specified tax. Income was defined as including:

"Gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *" Section 2 B, chapter 16, of the Act of October 3, 1913 (38 Stat. 167), and chapter 463, title 1, part 1, section 2 (a), of the Act of September 8, 1916 (Comp. St. § 6336b).

There was excepted from such taxable income "the value of property acquired by gift, bequest, devise or descent," but not the income from such property. Revenue Act 1916, § 4 (Comp. St. § 6336d). The question before us, therefor, is whether the direction by the testator in the sixteenth article of his will, "that my executors shall each be paid and shall each receive in full payment for all commissions, percentages, and allowances by statute or otherwise, for acting as executors of this my will, the sum of fifty thousand dollars ($50,000) each," created bequests that were exempt from taxation by the income tax acts, or whether it was nothing more than a provision for payment of compensation to the plaintiff and others for complete service as executors.

Plaintiff's counsel contends that the testamentary provisions directing payment of $50,000 to each of the executors of Norman P. Ream must, under the recent decision of the Supreme Court in United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547, be regarded as a bequest. But the language in that case was in the form of an ordinary bequest. The testator said in article eleventh of his will:

"I give and bequeath to my brother, Reginald C. Vanderbilt, five hundred thousand dollars ($500,000); to my uncle, Frederick W. Vanderbilt, two hundred thousand dollars ($200,000); to Frederick M. Davies, five hundred thousand dollars ($500,000); to Henry B. Anderson, two hundred thousand dollars ($200,000); to Frederick L. Merriam, two hundred and fifty thousand dollars ($250,000); to Charles E. Crocker, ten thousand dollars ($10,000); and to Howard Lockwood, one thousand dollars ($1,000)."

No mention of executorial appointment

or duties was made in this article of the Alfred C. Vanderbilt will, the bequests greatly varied in amount, and the last two legatees were not among those afterwards named as executors. It goes without saying that the subsequent appointment of the first five legatees as executors and trustees under the will could by no possibility have given rise to the claim that these bequests should be regarded as compensation for services, except for the provision in the sixteenth article, which added to the appointment the words:

"The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees."

But, in view of the strict construction of taxing statutes (Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211), and because of various decisions which had held that bequests to executors eo nomine, even when "for care and pains," were not to be regarded as compensation for acting as executor, but as legacies conditioned only upon proving the will, or unequivocally manifesting an intention to act, the Supreme Court construed the clauses of the Vanderbilt will as creating conditional bequests, and not as "compensation for personal service." The cases cited were Lewis v. Mathews, L. R. 8 Eq. Cas. 277, 281, Kirkland v. Narramore, 105 Mass. 31, 32, 7 Am. Rep. 497, Scofield v. St. John, 65 How. Pr. (N. Y.) 292, 294–296, Morris v. Kent, 2 Edw. Ch. 175, 179, and Harrison v. Rowley, 4 Vesey, 212, 215. [1] The precise meaning of the word "bequest" was not defined, but the words of the New York Court of Appeals in Orton v. Orton, *42 N. Y. (3 Keyes) 486, were quoted, where the court said that the term was not limited to a mere gratuity, but included "a thing given, either as a gratuity or as a recompense." Hence the word "bequest" may include a legacy in lieu of dower, a satisfaction of an indebtedness, or a gift to an executor upon the condition "that the person named shall, in good faith, clothe himself with the character."

In the Vanderbilt will the bequests in the eleventh article were in greatly varying amounts, though the duties of those afterwards named as executors in the sixteenth article were not differentiated, and would have been under the law identical; they were in the form of ordinary bequests; they were placed in an article of the will in which there was no appointment of executors or trustees, and alongside of other bequests to persons nowhere named as executors; there was no provision requiring the persons appointed executors to perform services, and so both this court and the Supreme Court construed the provisions as conditional bequests nontaxable as income.

The present will is altogether different. After making ample provision, both by way of simple legacies and trusts, for the two sons who were appointed executors, the testator deals with the compensation of his executors and trustees in article sixteenth. This article is directed solely to the subject of compensation for administrative duties. It provides that his executors "shall each be paid and shall each receive in full payment for all commissions, percentages, and allowances by statute or otherwise, for acting as executors of this my will, the sum of fifty thousand dollars ($50,000) each. * * *"

We find here no words of "bequest," but simply provisions for identical compensation for each executor, placed in a clause regulating compensation and nothing else, and directing that the executors each be paid a fixed sum *for acting as executors.* By the law of Connecticut, which governs the administration of this estate, there are no statutory commissions, and the court is to award what it deems reasonable. Hayward v. Plant, 98 Conn. 374, 119 A. 341. Here the testator perhaps had particular reason to fix the compensation himself. That he made the amounts equal both for his two sons and Mr. Bannard is strong indication that the provision was made only to compensate for services. An additional reason is that the clause fixing the fees of the executors is coupled in the same article of the will with a direction as to compensation of the plaintiff, his brother, Norman P. Ream, and the New York Trust Company as trustees, calculated upon a percentage basis.

But it is argued that the Supreme Court, in United States v. Merriam, supra, at page 183 (44 S. Ct. 69), refused to decide whether "an amount expressly left as compensation for services actually performed is still not a bequest excepted from taxation under the statute." These words, limiting the decision to the facts before the court in that case, certainly are not even a dictum which this plaintiff can invoke in support of his contention. Nor can they be regarded as referring to a clause in a will which is neither in form nor substance a bequest, but a simple direction as to compensation for services and nothing else. Such provisions have been held in various cases not to be bequests, but solely words of compensation for performance of

fiduciary duties. Richardson v. Richardson, 145 App. Div. 541, 129 N. Y. S. 941; Matter of Brigg, 39 App. Div. 485, 57 N. Y. S. 390; Ellington v. Durfey, 156 N. C. 253, 72 S. E. 194; Re Hay's Estate, 183 Pa. 296, 38 A. 622; Matter of Runyon's Estate, 125 Cal. 195, 57 P. 783.

It is contended that there is no requirement in this will for performance of services, and that here, as in the Merriam will, it was enough to qualify as executor to earn the $50,000. Such was not the ruling in Ellington v. Durfey, supra, where the court went so far as to deprive the estate of an executor of a lump sum given in addition to commissions "in full compensation for all services," because he died before the services were completed. We think the direction in the Ream will to pay $50,000 to each executor "for acting" as such contemplated payment for rendering the entire service, and can see no reason why the court could not have apportioned the compensation between an executor who resigned or died and his successor, Kemmerer, had such a contingency arisen.

When the testator directed payment of $50,000 "for acting" as executor, it seems unreasonable to suppose that he intended the full sum to be paid for a partial administration. It likewise seems improbable that he should have intended all compensation to be withheld because, owing to death or other compelling circumstance, an executor could not complete his administration. If an executor who had partly administered his trust had been obliged to resign or had died, we see no legal principle which would require the adoption of such a strict rule as that in the Ellington Case, supra, where no part of the gross sum directed to be paid for executorial duties was awarded. If such a contingency had happened, the estate would have benefited by the service of each executor, and enrichment could not have been justly allowed at the expense of either. The value of complete administration by a single executor is fixed by the will at $50,000, and the two executors, in the case assumed, would have performed aggregate services upon the basis of that compensation. It would be contrary to the apparent intention of the testator to burden the estate with two payments of $50,000 in case two executors were required to do the work of one, and equally unjust to pay the first executor nothing because he could not finish his task. To construe the prescribed compensation as payment for complete administration, capable of apportionment in case a successor should act,

is the only way to carry out the intention of the testator, and to do justice in all contingencies.

The decisions which have allowed recovery in quasi contract for services which were to be paid for at the end of a fixed time, or for completion of a specified piece of work, when the failure to complete performance was due to no fault of the promisee, would seem to justify payments here of apportioned amounts, aggregating $50,000, based upon the relative value of the services of an executor, who had died or resigned, and those of his successor. Ryan v. Dayton, 25 Conn. 188, 65 Am. Dec. 560; Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388; Clark v. Gilbert, 26 N. Y. 279, 84 Am. Dec. 189; Parker v. Macomber, 17 R. I. 674, 24 A. 464, 16 L. R. A. 858; Fenton v. Clark, 11 Vt. 557; Fuller v. Brown, 11 Metc. (Mass.) 440; Green v. Gilbert, 21 Wis. 395; Lakeman v. Pollard, 43 Me. 463, 69 Am. Dec. 77; Hayes v. Gross, 9 App. Div. 12, 40 N. Y. S. 1098, affirmed 162 N. Y. 610, 57 N. E. 1112; Young v. Chicopee, 186 Mass. 518, 72 N. E. 63; Dame v. Wood, 75 N. H. 38, 70 A. 1081.

[2] We agree with the opinion of Judge Hazel in the District Court that the $50,000 was directed to be paid for personal services, and nothing else, was not a bequest, conditional or otherwise, and consequently was taxable as income.

The judgment is therefore affirmed.