**ROSE, Collector of Internal Revenue, v. GRANT.**

No. 5755.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1930.

See, also, 39 F.(2d) 340.

Clint W. Hager, U. S. Atty., and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga. (G. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant and cross-appellee.

John M. Slaton and I. S. Hopkins, both of Atlanta, Ga., and Richard H. Wilmer, of Washington, D. C., for appellee and cross-appellant.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The plaintiff below, John W. Grant, appellee and cross-appellant here, instituted an action in the United States District Court for the Northern District of Georgia against the collector of internal revenue to recover income taxes alleged to have been erroneously assessed and collected for the years 1920, 1921, and 1922.

Several errors were alleged in the computation of the tax. The court below held that in some respects the tax was incorrectly computed, but otherwise that there was no error,

and entered judgment in favor of the plaintiff for an amount less than claimed by him. From the judgment so entered both parties have appealed.

The disputed credits claimed by the taxpayer embrace the following items: (1) An allowance for exhaustion, wear, and tear, including obsolescence, which the court granted, and (2) an amount bequeathed to an executor, as compensation for his services as such, which the court denied.

The collector appealed from the allowance of the first, and the taxpayer from the disallowance of the second.

As to the first item, it appears that on September 2, 1920, John W. Grant, as tenant for life under the will of his father, came into the possession and enjoyment of land in the city of Atlanta upon which is situated an office building used by him in his business.

No allowance is claimed by the life tenant for depletion of the land or for shrinkage in value of his property by reason of the expiration of his estate by efflux of time. Section 215 (b), Revenue Act of 1921, 42 Stat. 242.

Grant claims depreciation on the building and fixtures, including elevators, under section 214(a) and (8) of the Revenue Acts of 1918 and 1921 (40 Stat. 1067, 42 Stat. 240), each of which provides that in computing the net income of an individual there shall be allowed as a deduction: "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

The court below found the present value of the life tenant's interest in the building and elevators, and made an allowance for the years in question which we see no reason to disturb if a life tenant is entitled to any deduction which is the cardinal consideration with reference to this item.

In later Revenue Acts the question has been put at rest by amendments which it is urged clarify or construe the earlier enactments. That of 1926 provides: "In the case of improved real estate held by one person for life with remainder to another person, the deduction * * * shall be equitably apportioned between the life tenant and the remainderman. * * *" Section 214(a) (8), Act of 1926, 26 USCA § 955(a)(8).

That of 1928 says: "In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant." Act of 1928, § 23(k), 26 USCA § 2023(k).

But no weight can be given to these subsequent amendments in deciding the case in hand, because all legislation is presumed to be prospective, unless the contrary clearly appears. United States v. Magnolia Company, 276 U. S. 160, 48 S. Ct. 236, 72 L. Ed. 509, Brewster v. Gage, 280 U. S. 327–337, 50 S. Ct. 115, 74 L. Ed. ——.

More than this: "The deliberate selection of language so differing from that used in the earlier acts indicates that a change of law was intended." Brewster v. Gage, 280 U. S. 327–337, 50 S. Ct. 115, 118, 74 L. Ed. ——.

Instead of the later acts construing the earlier ones, they indicate a progressive development and improvement of the legislation on the subject.

For the years in question (1920–21–22) the government claims that no one is entitled to the depreciation; that the life tenant cannot have it, because he does not own the fee, and is not compelled to restore the exhausted or renew the obsolete estate; that the remainderman cannot claim it, because the loss occurs before he obtains possession.

Weiss v. Weiner, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720, which denied depreciation to a lessee under a ninety-nine year lease, renewable forever, is relied on to show that, "in spite of the fact that depreciation was taking place, no allowance was intended by statute." But the fallacy in the argument is that the lessor in that case as owner was entitled to the full depreciation.

A lessee has an estate less than freehold, while a life tenant has a freehold estate for the duration of his life. Blackstone says: "We have before remarked, and endeavored to assign the reason of, the inferiority in which the law places an estate for years, when compared with an estate for life, or an inheritance: observing, that an estate for life, even if it be pur auter vie, is a freehold; but that an estate for a thousand years is only a chattel, and reckoned part of the personal estate." Book II, p. 143.

The Revenue Acts of 1918 and 1921 do not limit the deduction to property held in fee simple, or attempt nice discriminations between inheritances absolute and limited or conditional, but they grant the allowance on "property used in the trade or business." Therefore, an estate for life, even if it be pur auter vie, if so used, is property within

the letter and spirit of the statute and entitles the owner, that is, the holder of the legal title in possession, to the deduction.

The remainderman is not in possession and does not use it, his use or enjoyment being postponed until the termination of the particular estate.

■ The second item in dispute is the sum of $25,000, which Grant received in the year 1920 under the will of his mother, item 9 of which provided: "Item 9. For his compensation as executor and trustee under this will I give and bequeath unto my son, John William Grant, the sum of Twenty-five Thousand ($25,000.00) Dollars, which shall be in full for all services as executor and as trustee for his minor children."

In his income tax return for the year 1920, Grant listed said sum as a part of his taxable income, but now claims that, inasmuch as that sum was received by him as a gift, legacy, and bequest under his mother's will, the inclusion thereof in taxable income was erroneous. The question whether a sum paid to an executor under a will is taxable income as compensation for his services, or is nontaxable, being a gift or bequest to him, is to be determined in accordance with the rule laid down by the Supreme Court in United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 71, 68 L. Ed. 240, 29 A. L. R. 1547, where the court said: " * * * The distinction to be drawn is between compensation fixed by will for services to be rendered by the executor and a legacy to one upon the implied condition that he shall clothe himself with the character of executor. In the former case he must perform the service to earn the compensation. In the latter case he need do no more than in good faith comply with the condition in order to receive the bequest. * * * "

The intention of the testatrix must control. Did she intend it as a gift or bequest or as compensation for services as executor and trustee?

Her words seem plain enough: "For his *compensation* as executor and trustee under this will I give and bequeath * * * which shall be in full for all services as executor and as trustee. * * * "

No dissertation or terminological discussion is necessary to clear up or amplify the meaning of such simple words. The construction put upon them by the taxpayer himself when he listed the money in his income tax return seems to us the obviously correct one. This case differs from United States v. Merriam, supra, but is similar to Ream v. Bowers (C. C..A.) 22 F.(2d) 465.

The judgment of the court below is affirmed, both on appeal and cross-appeal.