THEODORE A. LIGHTNER, CLARENCE M. LIGHTNER, ALICE LIGHT-
NER HOPF, AND MARTHA LIGHTNER BOONE v. DANIEL F. BOONE,
EXECUTOR AND TRUSTEE OF THE ESTATE OF FRANCES M. LIGHTNER,
DECEASED,

and

THEODORE A. LIGHTNER, CLARENCE M. LIGHTNER, ALICE LIGHT-
NER HOPF, AND MARTHA LIGHTNER BOONE v. DANIEL F. BOONE,
EXECUTOR AND TRUSTEE OF THE ESTATE OF CLARENCE A. LIGHTNER,
DECEASED.

(Filed 18 March, 1942.)

**1. Executors and Administrators § 31: Judgments § 18—**

An action to surcharge the account of an executor is an action pending
on the civil issue docket, and can be heard at chambers out of the county
in which it is pending only by consent.

**2. Same—**

Where an action pending on the civil issue docket is, by consent, heard
by the court at chambers out of the county, the judgment entered does not
become effective until it is filed in the county in which the action is
pending.

**3. Appeal and Error § 10b—**

Where an action pending on the civil issue docket is, by consent, heard
by the court at chambers out of the county, the entries of appeal, including
stipulation as to time in which case on appeal should be served, become
operative as of the date the judgment is filed in the county in which the
action is pending and not the date on which the judgment is announced
by the court at chambers.

**4. Appeal and Error §§ 10e, 18b—**

Where, upon the hearing to settle case on appeal, the court, upon its
erroneous holding that plaintiffs had failed to serve their case on appeal
within the time allowed, strikes out the plaintiffs' case on appeal, the
application of plaintiffs for a writ of *certiorari* is the proper procedure,
and the writ will be allowed.

**5. Reference § 14—**

An exception to the referee's finding that a letter signed by plaintiffs
and introduced in evidence constituted an agreement to pay defendant
executor for legal services rendered in connection with the management
of the estate and to arbitrate the amount to be paid, raises no issue of
fact for the determination of the jury, but only a question of law for the
court.

**6. Reference § 13—**

*Held:* Appellants failed to preserve their right to a jury trial upon their
exceptions to the referee's findings. *Brown v. Clement Co.,* 217 N. C., 47.

**7. Executors and Administrators § 29—**

A letter written by the beneficiaries of an estate to the clerk of the Superior Court, stating that they approved of charges to be allowed by the clerk to compensate the executor for his services and to reimburse him for expenses, including counsel fees incurred in the course of the administration, does not constitute a promise by the beneficiaries to pay attorney fees for professional services rendered by the executor himself in the management of the estate.

**8. Same—**

An agreement by the beneficiaries of an estate to pay the executor additional compensation for legal services performed by him in the administration of the estate would be against public policy and void.

**9. Same—**

Disbursements for fees of counsel employed by the administrator or executor of an estate are allowable as necessary expenses against the estate when they are for services to the estate which are reasonably necessary and the amount is not excessive.

**10. Same—**

When a lawyer voluntarily becomes executor he assumes the office *cum onere*, and the exercise by him of his professional skill in the management of the estate does not entitle him to counsel fees. but his compensation is limited to the five per cent maximum allowed by statute. C. S., 157.

**11. Same—**

Where the will expressly stipulates the compensation to be allowed the executor, the executor, by qualifying, accepts such provision and is bound thereby even though the will stipulates compensation in a sum less than the five per cent maximum allowed by statute.

**12. Same: Appeal and Error § 50—**

Since an attorney qualifying as an executor is not entitled to compensation for legal services performed by him in the management of the estate, counsel fees of an attorney employed by him to defend his claim for such legal services, and also the costs in the Supreme Court on appeal, must be paid by him personally and they cannot be allowed against the estate, since attorney's fees may be allowed against the estate in an action to surcharge the executor's account only when the account is upheld.

APPEAL by plaintiffs from *Phillips, J.,* at Chambers in Rutherfordton, N. C., 26 September, 1941, as of August-September Term of POLK. Modified and affirmed.

Civil actions instituted by plaintiffs against Daniel F. Boone as executor and trustee of the estate of Frances M. Lightner, deceased, and as executor and trustee of the estate of Clarence A. Lightner, deceased, for an accounting.

The testator, Clarence A. Lightner, and the testatrix, Frances M. Lightner, were husband and wife; the defendant was a son-in-law and the plaintiffs are the children and devisees named in each of the wills.

The defendant duly qualified as executor of the will of Frances M. Lightner and as executor of the will of Clarence A. Lightner and entered into the discharge of his duties as executor of each of said estates. He filed a first annual account, which was approved. He filed a second annual account to which exceptions were filed. This account was not approved but was returned to the executor. He filed a third account which has not been approved. A citation was issued but when the same came on for hearing the defendant did not appear. Thereupon these two several actions were instituted 29 October, 1940.

In the Frances M. Lightner case plaintiffs allege that the estate is liquid; that the defendant has failed to properly and expeditiously administer the same; that he used dilatory tactics; that he has failed and refused to file a final account; that his account filed has not been approved; that he has refused to respond to citation issued by the clerk; that the defendant has departed the State; that he has on hand a large sum which can now be distributed in settlement of the estate and that such sum is in danger of dissipation. They pray that the defendant be required to make settlement of the estate and account for money and property received by him and that in the meantime a receiver be appointed to take over and administer the assets now in the hands of the executor.

The allegations contained in the complaint in the Clarence A. Lightner estate, with certain variations of fact, are substantially the same.

There was an order appointing a temporary receiver of each estate and when the notices to show cause came on to be heard before Bobbitt, J., at the November Term, 1940, it was ordered that upon the giving of bonds by the defendant the assets of each estate should be returned to the defendant. It was further ordered that the cause be referred to Robert S. McFarland as referee. To the order of reference both plaintiffs and defendant excepted.

On 6 May, 1939, plaintiffs delivered to the defendant a letter addressed to the clerk of the Superior Court of Polk County as follows:

"MR. ROBERT S. MCFARLAND,
 Clerk Superior Court
 Polk County, North Carolina
"DEAR SIR:

"This is to certify that we, the undersigned beneficiaries of Frances M. Lightner Estate, do hereby approve the allowance by you of certain charges made, or to be made, in the administration of the estate by Daniel F. Boone, the Executor and Trustee, for payment at this time, and it is our wish that you approve the payment of the legacy, commissions, traveling expenses; legal fees for services rendered or to be ren-

dered, such as the settlement of the stock assessments on the various bank stocks and Portage Silica Company stock, the ancillary administration in Detroit, Michigan, the handling of leases on the real estate, the voluminous amount of work connected with the Federal and State income and estate tax reports, auditor's ·fees, bookkeeping, secretarial work, postage, telegrams, etc., and all such expenses as in your opinion are adequate, including such attorney fees on the gross estate as in your opinion and in the opinion of competent attorneys are fair and reasonable.

Respectfully submitted,
THEODORE A. LIGHTNER,
MRS. ALICE LIGHTNER HOPF,
MRS. MARTHA LIGHTNER BOONE,
CLARENCE M. LIGHTNER,
(Dr. Clarence M. Lightner)"

This letter was filed 11/25/40.

On 22 September, 1939, the defendant as "attorney" filed petition in the·Frances M. Lightner cause setting forth that he was appointed executor and trustee of the will of the testatrix; that he had filed his annual account; that he has performed, or will perform, legal services for the estate in transferring, selling, making reports on and keeping watch of the market value of approximately sixty different stocks; that he has engaged in considerable correspondence in respect thereto; that he has settled a bank assessment against the estate; that he has established two trust funds as required by the will, and that he has performed other legal services for the estate more fully set out in the petition. He prayed the allowance of an attorney's fee of $12,000, $6,000 to be paid immediately and the balance to be paid during the year 1940. The clerk entered an order allowing the fee to the defendant as attorney for the estate, as prayed. On appeal by the plaintiffs, Armstrong, J., at the January-February Term, 1940, concluded as a matter of law "that the provision made for the compensation of the executor and/or trustee in said will (of Frances M. Lightner) is determinative of the amount to which he (the defendant) is entitled in full for all services rendered by him in connection with the administration of said estate both as executor and/or trustee; that under said will the said executor and/or trustee is not entitled to any attorneys' fees, for himself, personally," and sustained the exception of plaintiffs to said order. The defendant did not except or appeal.

On 8 August, 1941, defendant, through his counsel, filed a petition addressed to the Clerk of the Superior Court of Polk County quoting the letter of plaintiffs dated 6 May, 1939, and petitioning the said clerk

to make an award to him for the legal services rendered the estate of Frances M. Lightner. This petition cites that a former order to the clerk allowed him a fee of $12,000 and sets forth the manner of payment as contained in the former order. It further recites legal services rendered by the defendant to the estate. These are somewhat similar to those recited in the former order and include others. He alleges further that the letter constitutes a contract and agreement to submit the matter to the clerk for determination. In this petition he prays "that he be awarded such attorney's fees in addition to those already awarded, which are fair and reasonable, and such expenses," etc. The plaintiffs answered, denying defendant's right to recover attorney fees and asserting the pendency of the action for an accounting in which the defendant had set up and alleged his right to attorney's fees under the purported contract. On 14 August, 1941, the clerk entered an order finding that $12,000 is a fair and reasonable fee for the legal services rendered by the defendant and that $6,000 of this sum had theretofore been awarded. The order awards an additional $6,000. While the order in its face recites that "the arbitrator finds" it is signed by the clerk as such. Plaintiffs excepted and appealed.

When these actions came on to be heard before the referee they were consolidated for hearing and judgment by consent of the parties. The referee stated an account finding that defendant had received in the Frances M. Lightner estate a total of $144,855.88 and that he received $40,457.33, upon which commissions are due, in the Clarence A. Lightner estate. He then fixes the commissions due the defendant under the terms of the will of Frances M. Lightner and the commissions due, under the statute, by Clarence A. Lightner estate, the total amount of commissions paid and the balance due.

The referee made the following findings which are pertinent to this appeal:

"(11). In the above expenditures is included an item of $6,000 attorney's fee, and to the allowance of this fee as a proper disbursement the plaintiffs object and except.

"(13). The Referee finds as a fact that there was a contract of arbitration between the plaintiffs and the defendant, and that an award has been made pursuant to said contract by the arbitrator in the sum of $6,000 in addition to a previous award of $6,000.

"(14). The Referee finds as a fact that the above allowance is reasonable and fair, and is a proper charge upon the distributive shares of the plaintiffs."

Thereupon, the referee concluded "that the estate (of Frances M. Lightner) is indebted to him (the defendant) for an additional attorney's fee of $6,000 under the award set forth in Finding of Fact No. 13."

The plaintiffs filed exceptions to the quoted findings of fact and conclusion and demanded a trial by jury.

When the consolidated cause came on to be heard in the court below it was agreed that all of the matters which could be heard by the judge should be. continued to be heard at Rutherfordton, N. C., as of the October Term, 1941, of Polk.

Upon the hearing the judge below concluded that the exceptions of the plaintiffs raised only a question of law, that is, "whether or not the letter dated May 6, 1939, addressed to Robert S. McFarland, Clerk of the Superior Court, and signed by (plaintiffs) constitutes a contract to pay Daniel F. Boone for his services as attorney, and constitutes a contract to arbitrate the amount of the fee." It was thereupon adjudged that the only question presented is a question of law; that said letter constitutes a contract on the part of the beneficiaries who signed said letter to pay the said Daniel F. Boone and is an agreement to arbitrate the amount due. The court further adjudged that plaintiffs are not entitled to a trial by jury; that the award of the arbitrator is binding upon plaintiffs and constitutes a final determination of the amount due by them to the defendant as attorney's fees. Thereupon, the report of the referee, both as to findings of fact and conclusions of law, was affirmed; the payment of $6,000 as a credit upon attorney's fee allowed and theretofore deducted by defendant was approved; the defendant was authorized to pay himself an additional $6,000 as attorney's fees in accord with said former order and to issue his check to himself in payment of the balance due on commissions as found by the referee. The plaintiffs excepted and appealed.

Said order was filed in the Polk Superior Court, 26 September, 1941.

The plaintiffs served their case on appeal 24 October, 1941, and the defendant served his countercase, reserving his right to move to strike the case on appeal of plaintiffs for that it was not served within the 30 days allowed. When the cause came on to be heard before Phillips, J., for the purpose of settling the case on appeal the court found that the judgment was announced at Rutherfordton, N. C., 22 September, 1941; that plaintiffs were allowed 30 days in which to serve case on appeal and the case on appeal was served 24 October, 1941, more than 30 days thereafter. Order was thereupon entered striking the plaintiff's case on appeal.  ·

The plaintiffs noted an exception and applied to this court for a writ of *certiorari,* which was granted. In response thereto the court below settled the case on appeal, which now appears in the record.

*McCown & Arledge and Clarence O. Ridings for plaintiffs, appellants.*
*Fred M. Parrish and Hamrick & Hamrick for defendant, appellee.*

BARNHILL, J. This is not an in chambers matter which could be heard by the judge anywhere in the district. It is a civil action pending on the civil issue docket of Polk County. It could be heard out of the county in which the cause was pending only by consent. Therefore the judgment entered did not become effective until it was filed in Polk County, 26 September, 1941. Likewise, the entries of appeal, including stipulation as to time within which case on appeal should be served, became operative as of that date. The case on appeal by plaintiffs was served in apt time. They followed the proper procedure in noting their exception to the order of the judge striking the same and applying for a writ of *certiorari.* The motion to dismiss is denied. *Chozen Confections, Inc., v. Johnson,* 220 N. C., 432.

We concur in the conclusion of the court below that the exceptions filed by plaintiffs raise no issue of fact to be submitted to a jury. Even so, plaintiffs have failed to preserve their right to a trial by jury. *Brown v. Clement Co.,* 217 N. C., 47, 6 S. E. (2d), 842.

The only exceptions to the findings of fact relate to the allowance of an attorney's fee to the defendant and are directed to the alleged error of the referee in his conclusion, sustained by the court below, that the allowance of $12,000 to the executor for legal services rendered by him was reasonable and proper and constitutes a charge upon the distributive shares of the plaintiffs in the estate of Frances M. Lightner. No exception relates to findings or conclusions in the Clarence A. Lightner estate. Hence, our further discussion relates only to the Frances M. Lightner estate.

The conclusion of the referee, as affirmed by the court below to which plaintiffs except, is based on the finding that the letter dated 6 May, 1939, constituted both a contract by plaintiffs to pay defendant for legal services rendered and an agreement to arbitrate the amount to be paid. The language of the letter does not support this conclusion. By its terms plaintiffs approved the allowances made or to be made in the administration of the estate. The commissions referred to constitute the compensation paid the executor for his services rendered in settlement of the estate and the items of expense mentioned are expenses incurred or to be incurred during the course of the administration thereof. Both the commissions and the expenses, to the extent such expenses are reasonable and proper, are proper charges against the estate.

There is nothing in the letter indicating that defendant was being employed by plaintiffs or which authorizes his employment by the estate. Their mere approval of charges to be allowed by the clerk to compensate the executor for his services and to reimburse him for expenses, including counsel fees incurred in the course of the administration, in no sense constitutes a promise by plaintiffs to pay. Nor does it warrant the con-

clusion that they, to any extent, assumed personal responsibility for the payment thereof or agreed to become personally liable therefor.

The circumstances surrounding the signing of the letter support this view. Defendant went to plaintiff Dr. C. M. Lightner and explained that it was necessary to employ an attorney in connection with the settlement of the estate and that he would employ one unless he, the defendant, was acceptable to the heirs. Dr. Lightner, upon the representations made by the defendant, assented to the employment *by the estate.* Defendant then asserted that it was necessary for plaintiffs *to approve* his employment. "I drew up a rough copy (of a letter) showing what necessitated the employment of an attorney and setting forth the expense the estate would have to pay." Dr. Lightner suggested certain changes which resulted in the drafting of the letter. Defendant then went to the plaintiff Hopf, explained the necessity of employing an attorney to assist in the settlement and procured her signature. He followed the same course as to the other two plaintiffs. Thus nothing was said to plaintiffs to indicate that defendant understood that he was being employed by plaintiffs or that they would be held accountable for his fees.

The defendant first so interpreted the writing. While the letter was in his possession he petitioned the clerk for an allowance to him out of the assets of the estate to compensate him for legal services rendered and to be rendered by him to the estate. It was only after Armstrong, J., vacated the allowance made on this petition that he filed application "for an award" under the terms of the letter, asserting that the letter constitutes a contract by plaintiffs to pay his fee and to arbitrate the amount thereof.

Even if it be conceded, however, that the defendant's construction of the letter is correct, the court will not countenance the payment by a third party of additional compensation to an executor or administrator or other officer of the court in addition to that allowed by statute for services he is under obligation to render by virtue of his office or trust relationship. It is against public policy and would create an evil that has not and must not become a part of our accepted practice.

Since the allowance to the defendant cannot be sustained upon the theory that it was due by contract with the devisees, may it be sustained under the statute and under the rule which entitles an executor or administrator to credit as an expense of administration for sums expended in the payment of counsel fees reasonably and necessarily expended in the administration of the estate? This is answered by the order of Armstrong, J., which is supported by the authorities.

That reasonable fees paid counsel for advice and assistance in the management of the trust estate are allowable as a necessary expense is well established in this jurisdiction. *Hester v. Hester*, 38 N. C., 9;

*Whitford v. Foy,* 65 N. C., 265; *Young v. Kennedy,* 95 N. C., 265; *In re Will of Howell,* 204 N. C., 437, 168 S. E., 671, and cases cited.

"If an administrator employs counsel to assist him in his administration, the contract is personal, and is not a debt against the intestate's estate. The administrator must pay it, and if the disbursement is proper, it will be allowed him in the settlement of his account with his estate" as a necessary expense of administration. *Lindsay v. Darden,* 124 N. C., 307; *Kelly v. Odum,* 139 N. C., 278; *Devane v. Royal,* 52 N. C., 426. Such disbursements are granted upon the settlement of his account only if found to be (1) for services to the estate; (2) reasonably necessary and (3) not excessive.

When a lawyer voluntarily becomes executor he takes the office *cum onere,* and although he exercises his professional skill in conducting the estate he does not thereby entitle himself to compensation beyond the amount ordinarily allowed to an executor or an administrator. *In re Evans,* 62 Pac., 913, 53 L. R. A., 952.

"In the absence of statute, the general rule is that where a lawyer becomes executor or administrator, his compensation as such is in full for his services, although he exercises his professional skill therein; and even if he performs duties which he might properly have hired an attorney to perform, he is not entitled to attorneys' fees." 21 Am. Jur., 679; *Re Parker,* 49 A. L. R., 1025; Anno. 49 A. L. R., 1033, and 36 A. L. R., 748; *Jones v. Peabody,* 100 A. L. R., 64. The rule is one of public policy, grounded upon the principle that a trustee shall not place himself in a situation where his interests conflict with his duties as fiduciary. 21 Am. Jur., 679. It has been said that if an executor chooses to exercise his professional skill as a lawyer in the business of the estate, it must be considered a gratuity, and that to allow him to become his own client and charge for professional services would be holding out inducements for professional men to seek such representative places to increase their professional business which would lead to most pernicious results. *Willard v. Bassett,* 27 Ill., 37; 11 R. C. L., 231.

This is in accord with the statute and decision law of this State.

When the defendant qualified as executor he obligated himself to give the necessary time and attention to, and to use his best skill and ability in, the administration of the estate. He became an officer of the court subject to the supervision of the probate court to which he must account. "Neither the law nor the reason and justice of the thing lends any countenance to the idea that such offices shall be considered as sources of profit to the incumbent, or desirable on that account . . . every consideration of policy and right strongly impels the court to avoid any construction of the law which may lead to such a consequence." *Potter v. Stone,* 9 N. C., 30.

The statute, C. S., 157, vests the probate judge with authority to fix, within the maximum prescribed, the compensation of such officers for services rendered. *Green v. Barbee,* 84 N. C., 70; *Ellington v. Durfey,* 156 N. C., 253, 72 S. E., 194. The compensation thus fixed is for "the trouble and time expended in the management" of the estate. C. S., 157.

The maximum which may be allowed is five per cent. C. S., 157; *Potter v. Stone, supra; Overman v. Lanier,* 157 N. C., 544, 73 S. E., 192; *Thigpen v. Trust Co.,* 203 N. C., 291, 165 S. E., 720. The court may allow less but it cannot allow more. *Bond v. Turner,* 6 N. C., 331; *Green v. Barbee, supra.* Such commissions are in full for all services rendered and he cannot be allowed any additional sum for loss of time and personal services. *Schaw v. Schaw,* 1 N. C., 168; *Morris v. Morris,* 54 N. C., 326; *Parker v. Grant,* 91 N. C., 338; *In re Battle,* 158 N. C., 388, 74 S. E., 23. Such commissions are allowed as compensation for services rendered both because such services are rendered by the executor or administrator as appointee of the court and there are statutes expressly authorizing it.

Passing the well founded contention that the order of Armstrong, J., is *res judicata,* there is still a further impelling reason why the ruling of the court below cannot be sustained. The defendant qualified as executor under a will which expressly stipulates the compensation to be received by him. The testatrix stipulated what should be paid to the executor and he, knowing the terms, acceded probate and thereby acceded to what was offered as his compensation. Whether the bargain was good or bad the defendant, by qualifying, made it and must abide by it. Having qualified he must accept the provision made for him in the will and if he is now not content with it the law can afford him no remedy.

The great weight of authority is to the effect that if a will provides that a sum less than the statutory compensation shall be paid to the executor or trustee named therein, the fiduciary so designated has his choice of refusing the appointment or accepting it on the terms fixed by the testator, and if he accepts it, he is entitled to no other or greater compensation than the will allows. *Washington Loan & Tea Co. v. Convention of P. E. Church,* 293 Fed., 833, 34 A. L. R., 913; *McIntire v. McIntire,* 192 U. S., 116, 48 L. Ed., 369; Anno. 34 A. L. R., 918, 21 Am. Jur., 677.

The exceptions of the plaintiffs to the findings of fact and conclusion of law made by the referee must be sustained and the defendant must account for the $6,000 he has already paid to himself as counsel fees.

At the hearing below an order was entered allowing counsel for the defendant the sum of $4,000 as counsel fees for services rendered the

defendant in the defense of these actions.    Plaintiff excepted.    This exception must be sustained.

The decisions generally sustain the right of an executor or administrator to an allowance of attorneys' fees in a controversy over surcharging his account where the account is upheld, Anno., 101 A. L. R., 806, and deny it where the account is not upheld, Anno., 101 A. L. R., 807; 21 Am. Jur., 694.

A finding that the services rendered resulted in benefit to the estate is generally necessary to charge the estate with an expenditure for counsel fees. *Kelly v. Odum, supra.* The credit will not be allowed if the litigation was the result of his negligence or improper conduct and it is never allowed to one who has incurred the expense in defense of his own breach of duty.    *Kelly v. Odum, supra; Overman v. Lanier, supra; Stonestreet v. Frost,* 123 N. C., 640.

Here, the defendant had notice that exceptions had been filed to his second annual account and that the clerk had not audited or approved it. He was cited but failed to appear at the hearing.    After an attorney's fee was allowed him by the clerk the exception thereto by the plaintiffs was sustained by the judge, and yet he paid to himself out of the funds of the estate $6,000 which had thus been disallowed. When he was called to book by the institution of these actions he employed counsel to aid him in his attempt to retain the funds of the estate thus pocketed by him and to sustain an additional allowance of $6,000.    His own contention that the fee is due by contract with the distributees refutes any suggestion that his defense in these actions is for the benefit of the estate. Hence, the services of his attorneys were purely personal to him.    He must pay the bill.

The order entered by the court below allowing counsel fees to the attorneys for the defendant in this cause must be vacated.    The judgment of the court sustaining the findings and conclusion of the referee and approving the allowance of $12,000 to the defendant for services rendered by him as attorney, of which $6,000 has been paid, is held for error.    The judgment must be modified in accord with this opinion and the defendant must be required to account for the sum thus received by him.

The costs in this Court, as well as in the court below, will be taxed against the defendant individually and not against the estate.

Modified and affirmed.