## BANK OF NEW YORK et al. v. HELVERING, Com'r of Internal Revenue.

### No. 21.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1943.

---

774

William Mason Smith, of New York City (Lewis A. Spence, of New York City, of counsel), for petitioners.

Earl C. Crouter, Sp. Asst. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The executors of Demarest appeal from an order of the Tax Court, assessing a deficiency against them upon their testator's income tax for a part of the year 1937: i.e., for the period between January 1 and July 11, the day on which the testator died. At the time of his death Demarest had qualified and he and one, Hotaling, were acting as executors of Jennie E. Read, who had died in New York on February 22, 1936, and upon whose will letters testamentary were issued to them on April 6, 1936. For the purposes of this case the important words of the will were as follows: "I direct that each of them so specifically named above by me as executors and trustees shall receive, and I give to each of them in lieu of statutory commissions for his services five percent (5%) of the principal of my estate and. five percent (5%) each year upon the income." If either or both should die before her, or should "fail to qualify, or resign or be removed or die before completing either as executors or trustees the administration of my Will and trusts thereunder," the testatrix appointed a bank as substitute, and directed that it should receive only statutory commissions. At the time of the execution of the will—June 4, 1934—Demarest was over 70 years old, Hotaling was 77. While Demarest lived he received as executor and trustee within the period mentioned, over $81,000, and after his death his executors collected $8,000 more, making nearly $90,000 in all: five percent of the estate.

His executors included in his gross income for 1937 two-fifths of this sum, two percent being the statutory commission allowed by the New York statute; they regarded the remaining three percent as a legacy and as not taxable for that reason. The Commissioner assessed a deficiency upon this three percent on the theory that the whole five percent was "compensation for personal service" under § 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825; and the Tax Court affirmed his ruling.

In United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547, a wealthy testator bequeathed to six persons by the eleventh article of his will, legacies: two of $500,000, one of $250,000, two of $200,000; and by the sixteenth article he appointed the legatees his executors and trustees, and concluded as follows: "The bequests herein made to my said executors are in lieu of all compensation or commissions to which they would otherwise be entitled as executors or trustees." Both the district court—275 F. 109, 110—and the Supreme Court (though not this court—282 F. 851) assumed that, although the executors were obliged in good faith to qualify in order to become entitled to the legacies, they needed to do no more. In the district court I had thought that the legacies were within the statutory phrase, "compensation for personal service," because the testator had bequeathed them to some extent—"in part, anyway"—as compensation for services which he expected the executors to render; but the Supreme Court held that the test was, not whether the testator gave the legacies for services, but whether the legatees had to perform the services in order to earn the bequests. This result apparently did not depend upon the fact that the legacies were bequests eo nomine, that they were in a separate and earlier article of the will, and that they were of unequal amounts. The last factor could scarcely have been controlling, because the court apparently thought that no part of the bequests were taxable. Moreover, it is possible that the testator might have rated his executors' services at different values, or have expected them to give different amounts of time to their duties.

In Ream v. Bowers, 2 Cir., 22 F. 2d 465, we came to an opposite conclusion, where the relevant provision of the will was: "I direct that my executors shall each be paid and shall each receive in full payment for all commissions, percentages,

and allowances by statute or otherwise, for acting as executors of this my will, the sum of fifty thousand dollars." We held (22 F.2d at 468) that "the direction * * * to pay $50,000 to each executor 'for acting' as such contemplated payment for rendering the entire service." Judge Sibley in the district court followed that decision in a case where the will read: "For his compensation as executor and trustee under this will, I give and bequeath to my son * * * twenty-five thousand dollars, which shall be in full for all services as executor and trustee." Grant v. Rose, D.C., 24 F.2d 115, 116. See also Murray v. Commissioner of Internal Revenue, 38 B. T.A. 26. We cannot follow the Tax Court in depending upon the form of the will: that is, that there was no independent and separate bequest; on the other hand, we own that the phrase: "I give to each of them in lieu of statutory commissions for his services five percent (5%)," is very close to the phrase in Ream v. Bowers, supra: "I direct that my executors shall each be paid * * * in full payment for all commissions * * * for acting as executors." We allocate the words: "for his services," to the words: "I give to each of them," as though the phrase read: "I give to each of them for his services in lieu of statutory commissions"; that is, we do not understand the testator to have used the words: "statutory commissions for his services," as a unitary phrase. Therefore, except for the fact that the executors were so old, that the legacies were "in lieu of" both executors' and trustees' commissions, and that the trusts were to run for the lives of young people, we might have held that they were given as "compensation for personal service" within § 22(a). But it is a cardinal canon of testamentary, as well as of any other documentary, interpretation that words shall be read in their setting, and the controlling facts here appear to us to be: first, what we have already mentioned, the age of the legatees and the expected duration of the trusts; and, second, that the testatrix in her will mentioned as an apparent reason for their appointment that they had already acted as executors of her husband. On the whole we are therefore disposed to read the will as not disturbing the usual result that such provisions require no more of the executor than qualifying. It is perhaps unnecessary to add that we have assumed with The Tax Court that United States v. Merriam, supra, still governs such situations; if it is to be overruled, the Supreme Court, not we, must overrule it.

Order reversed; deficiency expunged.