OPINION. Raum, Judge: The facts in this case are unique. Although both sides cite various prior decisions, none of them is in point. The decedent could have made a tax-free bequest to petitioner, but deliberately chose not to do so. Instead, she insisted upon naming petitioner as one of the executors. Had petitioner qualified and served, her statutory fee unquestionably would have been taxable income. The case would not have been like Bank of New York v. Helvering, 132 F. 2d 773 (C.A. 2), where the decedent fixed the executors’ fees and where it was held that in the circumstances of that case the excess of those fees over the statutory fees was intended 'as a bequest. Here, the amount in controversy is merely petitioner’s share of the statutory fees, and had she received it directly as such, as decedent obviously contemplated, it would plainly have been taxable income. Is the situation made different by reason of petitioner’s renunciation and her receipt of the same amount from Clancy? We think the answer must be no. Certainly, the $3,000 was not a bequest, ¡and petitioner’s brief emphatically makes clear that no such contention is made. Her counsel does argue, however, (a) that Clancy was carrying out the decedent’s intention “to benefit” petitioner, (b) that he paid her $3,000 to relinquish a status which was a gift to petitioner from the decedent, and (c) that petitioner received a gift from the estate. We cannot accept these contentions as valid. To be sure, the decedent intended “to benefit” petitioner, but she deliberately chose to name her as on'e of the executors, with full knowledge that if she served ¡as such, 'her fees might be taxable. Nor can we regard as realistic the argument that the “status” of executor was a gift to petitioner from the decedent. Finally, it is clear that the estate did not make a gift to petitioner; Clancy obviously felt that petitioner’s participation would impede the expeditious administration of the estate, and the agreement to pay her what she would otherwise have received 'as executrix was supported by consideration. Decisionwill be entered for the respondent.