S. M. LITTLE v. OSCAR DUNCAN.

(Filed 11 November, 1908).

1. **Partition of Lands—Procedure—Appeal—Duty of Clerk—Superior Court.**

   Under proceedings for the partition of lands, when an appeal is taken from the decision of the Clerk (Revisal, secs. 610 and 611), upon issues of law or legal inference, it is his duty to prepare and make a statement of the case and send it to the Judge (Revisal, sec. 612). Under Revisal, sec. 717, when an equitable or other defense is pleaded, the Clerk should transfer the cause to the civil docket, for trial during term, upon the issues raised, and the Judge may allow amendments to the pleadings for the purpose of hearing the case upon its merits.

2. **Partition of Lands—Order of Clerk—Revoking Order—Docketing Case for Trial.**

   The Clerk may correct a mistake made in prematurely ordering land partitioned, by revoking the order and directing the proceedings to be docketed in the Superior Court.

3. **Partition of Lands—Superior Court Jurisdiction.**

   When the Superior Court acquired possession of a case of partitioning land, in term, it should have proceeded therewith according to law, and it was error to remand it to the Clerk.

ACTION from UNION, heard by *Jones, J.,* at chambers, 19 March, 1908. Defendant appealed.

*Adams, Jerome & Armfield* for plaintiff.

*J. E. Little, A. M. Stack* and *R. W. Lemmond* for defendant.

WALKER, J. This is a special proceeding for partition of land, which was commenced before the Clerk of the Superior Court. The defendants answered and alleged certain matters, which they insisted raised issues of law and fact, and they, therefore, moved that the case should be transferred to the Superior Court for the trial and adjudication of the same. Among other things, they averred that certain advancements had been made to some of the parties, and that an account of

them was necessary before any partition could be made. The Clerk overruled the motion and ordered a partition of the land, issuing a writ to the sheriff for that purpose. The defendants excepted and appealed. The Clerk afterwards reversed his decision and recalled the writ, and directed the proceeding to be docketed in the Superior Court, for the trial of the issues raised by the pleadings. The plaintiffs excepted and appealed to the Superior Court. The latter Court, Judge E. B. Jones presiding, reversed the ruling of the Clerk and remanded the case for further proceedings therein, according to law, upon the ground that the defendants had lost their appeal from the first decision of the Clerk by their laches.

By the Revisal, section 610 and 611, an appeal lies to the Judge from any decision of the Clerk, on an issue of law or legal inference, and it is made the duty of the Clerk, by section 612, to prepare a statement of the case, as therein provided, and to send the same to the Judge, and, by section 717, when a party shall plead any equitable or other defence, or ask for any equitable or other relief in the pleadings, it is required that the Clerk shall transfer the cause to the civil issue docket, for trial during term, upon all issues raised by the pleadings, and the Judge may allow amendments to the pleadings for the purpose of a hearing of the case upon its merits. If the Clerk found that he had committed an error in ordering a partition of the land prematurely, we do not see why he did not have the power to correct the mistake and comply with the statute, Revisal, section 901 (9). But however that may be, the case was finally brought before the Judge in term, and he should have proceeded to dispose of it upon its merits, instead of remanding it to the Clerk. If an issue of law or legal inference was raised by the pleadings, he should have passed upon it, and if issues of fact were presented, they should have been tried by a jury. The Superior Court had acquired possession of the case in term, even though

there may have been irregularity in prior proceedings, and that Court had full power to dispose of it. The Clerk, after reconsideration, simply did what the law bound him to do, and if it appeared to the Judge when the case was presented to him that there were either issues of law or of fact raised by the pleadings, he should have proceeded to have them determined in the proper way, without further delay and regardless of the irregular procedure, if there was such, before the Clerk. If there were irregularities, no partition of the land had been made and nobody, therefore, can be prejudiced by a compliance with the mandate of the statute. If there are no issues of law or of fact raised by the pleadings, the Judge should have so decided, upon consideration of the matter, and then remanded the case for further proceedings according to law. There was error in reversing the action of the Clerk, for the reason stated.

Error.