HIGHWAY CHURCH OF CHRIST, INC. v. JOHN W. BARBER

No. 8412SC549

(Filed 5 February 1985)

**1. Rules of Civil Procedure § 59— new trial—no consideration given to another court's judgment**

In ruling on plaintiff's motion for a new trial, the trial court was not required to consider or refer to an order and supplemental memorandum of a federal district court judge in Tennessee who, in another case and prior to entry of judgment in this case, found that defendant was "entitled to no credibility in this court" because "[n]ever in the legal experience of this court, which spans 41 years as a lawyer and judge, has there ever been such a display of fraud, evasion and deceipt," since the Tennessee judge's order was not relevant in this case, even as it related to defendant's credibility.

**2. Rules of Civil Procedure § 52— findings and conclusions not labeled—no error**

Although it is the better practice to label separately the findings of fact and conclusions of law, the trial court in this case did not commit reversible error where the findings and conclusions were clear and distinguishable.

**3. Limitation of Actions § 4.3— action on note—accrual of action from date promise to pay is broken**

There was no merit to plaintiff's contention that the statute of limitations barred defendant's counterclaim on an $8,000 note, since the statute does not run from the time the contract is made but instead from the date the contractual promise to pay is broken. G.S. 1-52(1).

APPEAL by plaintiff from *Samuel E. Britt, Judge*. Judgment entered 28 November 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 16 January 1985.

*Nance, Collier, Herndon & Wheless, by James B. Wheless, Jr., and Teague, Campbell, Conely & Dennis, by John Wishart Campbell, for plaintiff appellant.*

*McGeachy and Hudson, by N. Hector McGeachy, for defendant appellee.*

BECTON, Judge.

In this action based on allegations of fraud, conversion, and breach of contract, plaintiff, Highway Church of Christ, Inc., seeks to recover a total of $44,617.97 from defendant, John W. Barber, Bishop of the Apostolic Faith Church of God Live Forever, Inc. Plaintiff alleges that Bishop John Barber knew of its interest in a

church building and fund-raising program, and fraudulently induced Raymond Davis, Bishop of the Highway Church of Christ, Inc., to enter into a bond sales program which was to be financed through a sinking fund operated by Ambassador Church Finance, Inc. After Ambassador Church Finance, Inc. went into bankruptcy and other transactions between the parties failed, plaintiff filed this lawsuit. Defendant filed a counterclaim, in which he sought repayment of three loans made to plaintiff totalling $27,938.58.

The trial court, hearing the case without a jury, found against the plaintiff on all claims, found for the defendant upon his counterclaim on an $8,000 loan, and found against defendant on all other claims. On the basis of two assignments of error, brought forward on appeal, plaintiff argues: (1) that the trial court committed reversible error in denying plaintiff's motion for a new trial under Rule 59 of the North Carolina Rules of Civil Procedure; and (2) that the trial court committed reversible error in signing and entering the judgment. For the reasons that follow, we affirm the trial court's judgment.

I

[1]   After the entry of judgment, plaintiff filed a motion for a new trial under Rule 59 of the North Carolina Rules of Civil Procedure but did not refer to any of the nine grounds listed in Rule 59(a). N.C. Gen. Stat. Sec. 1A-1, Rule 59(a) (1983). Nevertheless, the trial court conducted an evidentiary hearing and considered plaintiff's evidence, which consisted primarily of an order and supplemental memorandum of a federal district court judge in Tennessee, who, in another case and prior to the entry of judgment in this case, found that defendant John Barber was "entitled to no credibility in this court" because "[n]ever in the legal experience of this court, which spans 41 years as a lawyer and judge, has there ever been such a display of fraud, evasion and deceipt."

We summarily reject defendant's contention that the trial court had to consider or refer to the Tennessee judge's order before denying plaintiff's motion for a new trial. Simply put, the Tennessee judge's order is not relevant in this case even as it relates to defendant's credibility. Plaintiff has not only failed to show an abuse of discretion in the trial judge's denial of his Rule 59 motion, but he has also not even alleged an abuse of discretion.

*See Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We hold that the trial judge's denial of the motion for a new trial was within his discretionary authority. The trial judge heard the evidence, examined the documents, weighed the credibility of witnesses, and found the facts. Further, plaintiff failed to rebut the presumption that the verdict is correct and failed to show by affidavit that he used due diligence to procure the evidence which he implicitly contends was not available at the time of trial.

II

In its second argument, that the trial court committed reversible error in signing and entering the judgment, the plaintiff contends the trial court erred in three ways: (a) by failing to make separate findings of fact and conclusions of law; (b) by finding facts not supported by the evidence; and (c) by failing to rule on plaintiff's statute of limitations claim. Having carefully reviewed the trial court's five-page statement of verdict in open court and its four-page signed judgment, we reject defendant's contentions.

[2]    A. Although it is true that the trial court did not formally separate and label its conclusions of law, they are clear and distinguishable. In this case, the trial court stated its conclusion of law with regard to each contention contained in the plaintiff's complaint immediately after finding the facts as to that contention. By way of example, after the trial court made its findings of fact with regard to the bond program the plaintiff entered into, it then stated:

> The Plaintiff Corporation in the present lawsuit seeks to recover this $10,000.00 from the Defendant on several theories: (a) fraud, (b) conversion, (c) breach of contract, and (d) misrepresentation. The Plaintiff, however has shown no misrepresentation of any material fact by the Defendant concerning these transactions and no fraud on his part. There has been no conversion of anyone's property concerning these transactions by the Defendant and there was no contract concerning the $10,000.00 paid for the return of the Plaintiff's bonds either expressed or implied.

As can be seen, the conclusion of law above, while not separately labeled, is nevertheless clearly stated and easily distinguishable from the findings of fact. And although it is the better

practice to separately label the findings of fact and conclusions of law, we find no error, for as our Supreme Court has said: "the judge complies with [the requirement of N.C. Gen. Stat. Sec. 1A-1, Rule 52(a)(1) (1983)] if he separates the findings and conclusions in such a manner as to render them distinguishable, no matter how the separation is effected." *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E. 2d 368, 371-2 (1975).

B. We also reject defendant's contention that there is no evidence to support the trial court's finding (1) that there was no contract between the plaintiff and the defendant as to the bonds given to Messrs. Atkinson and Winters of Ambassador Church Finance, Inc.; (2) that the defendant secured loans totalling $21,500 from banks in Alabama for plaintiff; and (3) that the defendant loaned plaintiff $8,000. We have reviewed the record and there is evidence to support these findings.

There is also evidence that conflicts with the findings. For example, some evidence suggests that plaintiff only owed defendant $5,000 as opposed to $8,000. However, "[w]hen a jury trial is waived, the trial court's findings of fact have the force and effect of a verdict by a jury, and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *Blackwell v. Butts*, 278 N.C. 615, 619, 180 S.E. 2d 835, 837 (1971). Finding that there was competent evidence to support each of the trial judge's findings of facts excepted to, we reject this portion of defendant's argument.

[3] C. With regard to plaintiff's argument that the statute of limitations had run on the $8,000 loan counterclaim, we find no error. The statute of limitations on a liability arising out of a contract, N.C. Gen. Stat. Sec. 1-52(1) (1983), does not run from the time the contract is made. It does not begin to run until the date the contractual promise to pay is broken. *Pickett v. Rigsbee*, 252 N.C. 200, 113 S.E. 2d 323 (1960).

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Judges JOHNSON and MARTIN concur.