IN RE THE MATTER OF THE TRUST CREATED UNDER ITEM THREE OF THE WILLS OF HERBERT JACOBS AND BELLA LEWAN JACOBS AND JAMES F. FREER, AS GUARDIAN AD LITEM OF CHRISTINA KATHLEEN PAFERO, A MINOR v. MILTON WEINSTEIN, IN HIS CAPACITY AS TRUSTEE FOR THE TRUST ESTABLISHED UNDER ITEM THREE OF THE WILLS OF HERBERT JACOBS AND BELLA LEWAN JACOBS, ALAN MARSHALL JACOBS, SONIA JACOBS LINDER, ERIC STEWART LINDER, NICOLE JACOBS, A MINOR, DANIEL JACOBS, A MINOR, THE UNBORN ISSUE OF ALL PERSONS SET FORTH ABOVE, THE UNKNOWN HEIRS OF HERBERT JACOBS AND BELLA LEWAN JACOBS, ALL OTHER INTERESTED PERSONS WHETHER KNOWN OR UNKNOWN, BORN OR UNBORN, WHO HAVE OR MAY HAVE ANY RIGHTS TO OR INTEREST IN THE ASSETS OF THE TRUST CREATED UNDER ITEM THREE OF THE WILLS OF HERBERT JACOBS AND BELLA LEWAN JACOBS

No. 8826SC72

(Filed 16 August 1988)

**1. Clerks of Court § 4; Trusts § 2.2— removal of trustee—defenses of laches, estoppel, and unclean hands raised—transfer from clerk to civil issue docket proper**

Where a guardian ad litem of a minor trust beneficiary filed petitions with the clerk of superior court to have defendant removed as trustee, and defendant answered claiming defenses of laches, estoppel, and unclean hands, the clerk properly transferred the action to the civil issue docket, since plaintiff alleged breach of fiduciary duties and that was a civil matter "arising from" the administration of the estates in question rather than "a part of" the administration of the estates over which the clerk would have had exclusive original jurisdiction.

**2. Trusts § 2.2— removal of trustee—personal interests in conflict with beneficiaries' interests—excessive commissions**

Evidence was sufficient for the jury to conclude that defendant trustee's personal interests were in direct conflict with the trust beneficiaries' interests so that breach of loyalty could be found where the evidence tended to show that defendant petitioned the clerk of court for payment of commissions due him, and the clerk authorized all fee requests submitted by defendant; payment of over $66,000 in commissions was made to defendant, and this was significantly in excess of the maximum commissions allowed by statute; the clerk notified defendant that he had been overpaid and vacated the orders which had authorized payment of the commissions; and rather than repay the improper commissions and reapply for the commissions properly due him, defendant appealed from the clerk's order.

**3. Rules of Civil Procedure § 52— findings of fact—conclusions of law distinguished**

The trial court sufficiently distinguished the findings of fact from the conclusions of law so that the court on appeal was able to determine how the trial court applied the law to the facts.

**4. Trusts § 6— breach of trust—trustee personally liable**

There was no merit to defendant's contention that a trustee, like an officer of a corporation or partner in a partnership, is shielded from personal liability for his actions unless he is personally named and served in an action, since general common law principles hold that a trustee's breach of trust subjects him to personal liability and N.C.G.S. § 36A-76(d) provides that a trustee may be held personally liable for any tort committed by him; therefore, the trial court could properly deny defendant any commissions and could require defendant to pay costs, witness fees, and attorney's fees as damages.

**5. Contempt of Court § 7— willful failure to comply with order—order appealed —no contempt pending appeal**

Defendant's appeal of an underlying judgment prevented the trial court from finding defendant in contempt until after the appeal was resolved; however, because the order from which defendant's appeal was taken was upheld by the Court of Appeals, willful failure to comply with the order during pendency of the appeal was punishable by contempt on remand.

APPEAL by defendant Weinstein from *Gray, Judge.* Judgment entered 25 July 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 June 1988.

This appeal arises from petitioner James F. Freer's action to remove the trustee of two separate testamentary trusts. Petitioner is the guardian ad litem for Christina Kathleen Pafero (Tina), an income and remainder beneficiary of both the Herbert Jacobs trust and the Bella Lewan Jacobs trust. He filed two separate petitions in the form of special proceedings with the Clerk of Superior Court of Mecklenburg County seeking the removal of Milton Weinstein (Weinstein) as trustee of the two trusts. Petitioner's complaint alleged defendant Weinstein breached his fiduciary duties of trust and loyalty by paying himself commissions in excess of the maximum allowed by statute and by failing to make discretionary payments of income on Tina's behalf. Defendant Weinstein answered and moved to transfer the case to the superior court's civil issue docket pursuant to G.S. 1-399. The clerk transferred the case to superior court where the two petitions were consolidated for a jury trial.

Following a presentation of the evidence the trial court submitted eight issues to the jury. Each issue presented a question of whether defendant breached his fiduciary duties of trust and loyalty. The jury answered each issue against defendant Weinstein. Accordingly, the trial court ordered, *inter alia,* that defendant Weinstein be removed as trustee of both trusts, that

defendant Weinstein reimburse each trust for the full amount of commissions paid, that defendant Weinstein reimburse each trust for attorney's fees paid in defendant Weinstein's personal defense and that costs of the action, including attorney's fees and expert witness fees, be taxed against defendant Weinstein. Weinstein appeals.

Weinstein did not repay any commissions or attorney's fees as ordered by the trial court; on 16 September 1987 petitioner moved to enforce the judgment. The court entered a show cause order requiring that Weinstein explain his wilful failure to obey the court's judgment. Weinstein was not present at the show cause hearing, but his attorney appeared and moved to dismiss the show cause order for lack of jurisdiction. The trial court denied Weinstein's motion and found him in contempt. From the court's order finding him in contempt, Weinstein also appeals.

*Smith Helms Mulliss & Moore, by Robert B. Cordle, William R. Purcell, II, and Neill G. McBryde, for petitioner-appellee.*

*Collie and Wood, by George C. Collie; Charles M. Welling for defendant-appellant.*

*Petree Stockton & Robinson, by Ray S. Farris, Guardian Ad Litem for the unborn issue and unknown heirs, defendant-appellees.*

*Perry, Patrick, Farmer & Michaux, by Bailey Patrick, Jr., Guardian Ad Litem, for Nicole Jacobs and Daniel Jacobs, minors.*

EAGLES, Judge.

Defendant Weinstein presents five assignments of error for review. He first argues that the clerk of superior court has exclusive original jurisdiction to remove a trustee and, therefore, the trial court lacked subject matter jurisdiction to hear the case. Next, he contends that the trial court erred in denying his motion for directed verdict at the close of petitioner's evidence and at the conclusion of all the evidence. He further claims that the trial court failed to make separate findings of fact and conclusions of law as required by Rule 52 of the North Carolina Rules of Civil Procedure. Defendant Weinstein assigns as error that portion of the trial court's order requiring that he reimburse all commissions paid him and that he personally pay court costs. Finally, he

argues that the trial court lacked jurisdiction to find him in contempt. We agree that the trial court lacked jurisdiction to find Weinstein in contempt. Accordingly, we vacate the contempt order, but otherwise we affirm the trial court's judgment.

I

[1] Initially we note that there is a statutory distinction in the required procedures for removing a trustee and those for removing a personal representative or collector. *Compare* G.S. 36A-35 (removal of trustee is pursuant to procedures outlined in G.S. 36A-24 to G.S. 36A-32) *with* G.S. 36A-22(b) (removal of personal representatives and collectors governed by Chapter 28A). Here the petitioner seeks to remove Weinstein as trustee of the Jacobs' trusts but does not seek his removal from his position as the Jacobs' personal representative.

Removal of the trustee here must be accomplished in accordance with G.S. 36A-35 which provides, in part, that

> [a]ny beneficiary, cotrustee or other person interested in the trust estate may file a petition in the office of the clerk of superior court of the county having jurisdiction over the administration of the trust for the removal of a trustee or cotrustee who fails to comply with the requirements of this Chapter or a court order, or who is otherwise unsuitable to continue in office. Upon the filing of the petition, the clerk shall docket the cause as a special proceeding, with the petitioner as plaintiff.

Freer filed these petitions with the Mecklenburg County Clerk of Superior Court. Shortly thereafter Weinstein answered maintaining, *inter alia*, defenses of laches, estoppel, and unclean hands. Upon Weinstein's motion the clerk of court transferred the action to the civil issue docket. G.S. 1-399; *see Little v. Duncan*, 149 N.C. 84, 62 S.E. 770 (1908) (clerk of court must transfer case when equitable defenses raised). Defendant now argues that the clerk of court has exclusive and original jurisdiction of all probate matters and, therefore, transfer of the case to the civil issue docket was improper. We disagree.

As noted in *Ingle v. Allen*, 69 N.C. App. 192, 196, 317 S.E. 2d 1, 3 (1984), our courts distinguish cases which "arise from" the administration of an estate from those which are "a part of" the ad-

ministration and settlement of an estate. Those cases which are "a part of" the administration of an estate are considered probate matters in which the clerk of superior court has exclusive original jurisdiction. *In re Estate of Adamee*, 291 N.C. 386, 230 S.E. 2d 541 (1976). These two testamentary trusts will exist for ten years; at that time the corpus must be distributed to the remaindermen. In all likelihood the administration of the individual decedents' estates will be closed prior to the dissolution of the trusts. Without regard for when the estates are closed, the administration of these testamentary trusts will continue for the prescribed period. Petitioner here alleges breach of fiduciary duties. Our Court has held that this issue is a civil matter which is not "a part of" the administration of these estates, but rather "arises from" their administration. *Ingle* at 195, 317 S.E. 2d at 3. Furthermore, when a special proceeding begun before the clerk is transferred to the superior court, the judge may "determine all matters in controversy." G.S. 1-276; *Plemmons v. Cutshall*, 230 N.C. 595, 55 S.E. 2d 74 (1949). Accordingly, we hold that transfer of the case was proper and that the trial court had jurisdiction to hear the case.

II

[2]   Defendant Weinstein next assigns as error the trial court's denial of his motions for a directed verdict at the close of petitioner's evidence and at the conclusion of all the evidence. He argues that petitioner's evidence was insufficient to show that he abused his discretion in making income distributions to Tina. By his introduction of evidence defendant waived his motion for directed verdict at the close of petitioner's evidence, *Rice v. Wood*, 82 N.C. App. 318, 346 S.E. 2d 205, *disc. rev. denied*, 318 N.C. 417, 349 S.E. 2d 599 (1986), and, therefore, we consider only his motion for directed verdict at the conclusion of all the evidence.

Though appellant defendant frames his arguments in the context of abuse of discretion by a trustee of a discretionary trust, the dispositive question here is whether petitioner presented sufficient evidence for a jury to find that Weinstein "fail[ed] to comply with the requirements of . . . Chapter [36A] or a court order, or . . . [was] otherwise unsuitable to continue in office." G.S. 36A-35. We hold that petitioner presented sufficient evidence for his case to go to the jury. Accordingly, we overrule this assignment of error.

Trust beneficiaries may expect and demand the trustee's complete loyalty in the administration of any trust. Should there be any self-interest on the trustee's part in the administration of the trust which would interfere with this duty of complete loyalty, a beneficiary may seek the trustee's removal. *See Trust Co. v. Johnson*, 269 N.C. 701, 153 S.E. 2d 449 (1967). If a conflict of interest arises, the trustee must either remove the personal interest or resign his position as trustee. Bogert, The Law of Trusts and Trustees, section 543 (rev. 2d ed. 1978). In support of this rule of complete loyalty our Supreme Court has quoted Chief Justice Cardozo.

> "A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions, . . . Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court."

*Trust Co. v. Johnson*, 269 N.C. 701, 711, 153 S.E. 2d 449, 457 (1967) (quoting *Meinhard v. Salmon*, 249 N.Y. 458, 164 N.E. 545 (1928)).

In the light most favorable to petitioner, his evidence showed the following. Petitioner is the guardian ad litem for Christina Kathleen Pafero (Tina), a minor child who is an income and remainder beneficiary of two separate testamentary trusts established by her grandparents. Tina's mother is currently incarcerated serving a life sentence in Florida and her father is incarcerated on Florida's death row for the murder of two Florida highway patrol officers. Upon her parents' convictions Tina went to live with her maternal grandparents, Herbert Jacobs and Bella Lewan Jacobs. Her grandparents reared her until their deaths when Tina was eight years old. Each of her grandparents' wills named Tina as an income and remainder beneficiary of their respective trusts and named Weinstein as trustee of each trust. The trust language required that defendant Weinstein make discretionary income payments on Tina's behalf.

As trustee of both trusts, Weinstein petitioned the clerk of court for payment of commissions due him. The clerk of court authorized all fee requests submitted by Weinstein. Payment of over $66,000 in commissions was made to Weinstein. Expert testimony revealed that this was significantly in excess of the maximum commissions allowed by statute. Thereafter the clerk notified Weinstein that he had been overpaid and vacated the orders which had authorized payment of the commissions. The clerk's order stated, however, that Weinstein could reapply for the appropriate commissions. Rather than repay the improper commissions and reapply for the commissions properly due him, Weinstein appealed from the clerk's order. By appealing the clerk's order defendant Weinstein placed his personal self-interest ahead of the trust beneficiaries' interests which would demand that only commissions authorized by statute be paid. This evidence is more than sufficient for the jury to conclude that Weinstein's personal interests were in direct conflict with the trust beneficiaries' interests so that breach of loyalty could be found. *Cf. Lightner v. Boone*, 221 N.C. 78, 19 S.E. 2d 144 (1942) (where testatrix set amount of executor's commissions in will, executor must either decline to qualify or accept the amount as set out for his commission). This assignment of error is without merit.

## III

[3] In his third assignment of error Weinstein argues that the trial court erred in failing to include in its judgment separate findings of fact and conclusions of law. Rule 52 of the North Carolina Rules of Civil Procedure requires that the trial court make specific findings of fact and conclusions of law so that the appellate courts may determine whether the trial court has correctly applied the law to the facts. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The trial court complies with this requirement so long as it distinguishes the findings of fact from the conclusions of law in some recognizable fashion. *Highway Church of Christ v. Barber*, 72 N.C. App. 481, 325 S.E. 2d 305 (1985). As an example, the trial court here, after listing the jury issues and verdict, stated:

The court has considered the jury findings and all of the evidence before it, including Mr. Weinstein's evidence that his actions as Trustee were pursuant to advice of counsel. Based

upon the foregoing, the Court finds and concludes that Mr. Weinstein has failed to comply with the requirements of Chapter 36A of the North Carolina General Statutes in the respects shown by the jury's verdict, which verdict the Court incorporates by reference as its findings of noncompliance and that Mr. Weinstein is unsuitable to continue in the offices of Trustee of the Trust of Herbert Jacobs and Trustee of the Trust of Bella Lewan Jacobs.

Though not explicitly labeled a conclusion of law, the paragraph quoted can be distinguished from the separately listed findings of fact concerning noncompliance with Chapter 36A. These findings had been submitted to the jury as issues. While the better practice is to separately label the findings of fact and conclusions of law, we find that there is no prejudicial error here. The trial court sufficiently distinguished the findings of fact from the conclusions of law so that we are able to determine how it applied the law to the facts. We overrule this assignment of error.

## IV

[4] Defendant next argues that the suit was brought against him only in his official capacity as trustee and, consequently, the trial court's order improperly created a personal judgment against him because he was not a party to this action. The thrust of defendant Weinstein's argument is that a trustee like an officer of a corporation or partner in a partnership, is shielded from personal liability for his actions unless he is personally named and served in an action. We disagree. Neither a trust estate nor trust property are recognized as separate legal entities which grant a trustee protection from the consequences of his actions. Bogert, The Law of Trusts and Trustees, sections 718, 731 (rev. 2d ed. 1982). General common law principles hold that a trustee's breach of trust subjects him to personal liability. IIIA Scott on Trusts, section 261 (4th ed. 1988); 76 Am. Jur. 2d, Trusts, section 304. Furthermore, G.S. 36A-76(d) provides, in part, that a trustee may "be held personally liable for any tort committed by him."

G.S. 36A-81 provides that when a trustee violates any provision of the Uniform Trusts Act, G.S. 36A-60, *et seq.*, "he may be removed and denied compensation in whole or in part." Here the court found that defendant had breached his fiduciary duties and because of his breach was not entitled to any commissions. The

trial court made no findings showing a breach of the Uniform Trusts Act. The trial court, however, sitting as a court of equity, has the discretion to deny the trustee any or all of his commissions. Bogert, The Law of Trusts and Trustees, section 861 (rev. 2d ed. 1982). Furthermore, damages for breach of trust are designed to restore the trust to the same position it would have been in had no breach occurred. Bogert, section 543(V); Restatement 2d, Trusts, section 206. Moreover, the court may fashion its order "to fit the nature and gravity of the breach and the consequences to the beneficiaries and trustee." Bogert, section 543(V). The court's order mandating payment of costs, witness fees, and attorney's fees was a proper assessment of damages. *Id.* We overrule this assignment of error.

V

[5] Defendant's fifth and final assignment of error attacks the trial court's contempt order claiming the trial court was without proper jurisdiction. We agree and vacate the contempt order.

The trial court entered judgment ordering defendant's removal as trustee on 25 July 1987 from which defendant Weinstein appealed. The trial court denied defendant's motion for a stay. This Court granted an ex parte temporary stay on 3 August 1987 which we vacated on 25 August 1987. The Supreme Court subsequently denied defendant's petition for a stay. Defendant Weinstein posted no bond to stay execution against him. On 16 September 1987 petitioner filed a motion to enforce the trial court's judgment. The trial court issued an order for defendant to show cause why he should not be held in contempt. Defendant did not appear personally at the show cause hearing, but his attorney was present and objected that the court lacked jurisdiction to hold defendant in contempt.

The general rule here is that "appeal stays contempt proceedings until the validity of the judgment is determined." *Joyner v. Joyner*, 256 N.C. 588, 591, 124 S.E. 2d 724, 727 (1962). Unless a stay is in effect, however, execution may be had during the pendency of an appeal. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). During the pendency of this appeal the trial court found defendant in contempt. Defendant's appeal of the underlying judgment prevents the trial court from finding defendant in contempt until after the appeal is resolved. *Id.* The Supreme Court has

N.C.App.]  COURT OF APPEALS  147

ruled that "[i]f the order from which an appeal is taken is upheld by the appellate court, wilful failure to comply with the order during pendency of the appeal is punishable by contempt on remand." *Id.* at 461, 290 S.E. 2d at 663. Having here affirmed the underlying order we remand the issue of contempt to the trial court for reconsideration.

Affirmed in part; vacated and remanded in part.

Judges ORR and SMITH concur.