IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-972

 Filed: 6 March 2018

Guilford County, Nos. 17 CVS 4578, 15 SP 1380

IN THE MATTER OF: The Administration of the MAYETTE E. HOFFMAN LIVING
TRUST U/A Dated August 4, 1997, as amended.

KIMBERLI HOFFMAN BULLARD, CO-TRUSTEE, Petitioner,

 v.

JAMES HOFFMAN, CO-TRUSTEE, Respondent.

 Appeal by respondent from order entered 23 May 2017 by Judge David L. Hall

in Guilford County Superior Court. Heard in the Court of Appeals 7 February 2018.

 Booth Harrington & Johns of NC PLLC, by A. Frank Johns, for petitioner-
 appellee.

 Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for respondent-
 appellant.

 ARROWOOD, Judge.

 James Hoffman (“respondent”) appeals from an order entered in Guilford

County Superior Court denying his appeal from the Guilford County Clerk of

Superior Court’s award of attorneys’ fees in favor of Kimberli Hoffman Bullard

(“petitioner”). For the following reasons, we affirm.

 I. Background
 IN RE: HOFFMAN

 Opinion of the Court

 This appeal of an attorneys’ fees award arises out of a special proceeding

between petitioner and respondent in their roles as co-trustees of a trust, the primary

asset of which is a residence located at 4423 Oakcliffe Road in Greensboro, North

Carolina. Petitioner and respondent became solely responsible for the property as co-

trustees after their father, Mayette E. Hoffman, was adjudicated incompetent in

September 2010 and suffered health issues in May 2012 that forced him to

permanently move from the property into a retirement community, leaving the

property unoccupied. Letters by the father’s attorney, now petitioner’s attorney,

dated 10 May 2013 and by the father’s guardian’s attorney dated 3 December 2013

notified petitioner and respondent of their fiduciary duties as co-trustees to manage

the property, including dealing with the repair and maintenance issues that plagued

the property.

 Over the next couple of years, because petitioner and respondent disagreed

over the management of the trust, the property remained vacant, bills went unpaid,

insurance lapsed, and the property continued to deteriorate. On 10 April 2015,

petitioner sent a certified letter to respondent outlining alleged breaches of

respondent’s fiduciary duties and requesting that he voluntarily resign as co-trustee.

Respondent signed a return receipt on 13 April 2015 acknowledging acceptance of the

letter, but did not otherwise respond.

 -2-
 IN RE: HOFFMAN

 Opinion of the Court

 On 28 May 2015, petitioner filed a petition to remove respondent as co-trustee

for cause. In addition to removal, petitioner sought damages, costs, and attorneys’

fees. The petition sought removal and damages because

 [r]espondent, by failing [to] agree to repairs and
 renovations to ready and place the real property on the
 market; by allowing the assets to waste and to continue to
 deplete the cash assets of the guardianship estate; by
 acting unilaterally to place the home for sale; and by
 removing personal property of his father from the home,
 has acted with bad faith and with improper motive and has
 breached the duty to administer the trust in good faith, in
 accordance with its terms, purposes and interests of the
 beneficiaries in violation of N.C.G.S. § 36C-8-801 and 802.

Respondent filed a response and counterclaim on 4 June 2015. Respondent alleged

that he had expended his own time and money on the upkeep of the property and to

avert tax foreclosure. Thus, respondent sought reimbursement for amounts

expended. Respondent also sought to prevent petitioner from “hampering and

disrupting the efforts to sell the real estate.” Petitioner answered respondent’s

counterclaim.

 The matter first came on for hearing 18 and 19 April 2016 before the

Honorable Lisa Johnson-Tonkins, Clerk of Guilford County Superior Court. That

hearing concluded with the parties agreeing to sell the property and requesting that

the clerk continue the matter to allow time for a sale. The clerk granted the

continuance. The matter came back on for hearing on 11 July 2016. At that time,

issues in the sale of the property were explained to the clerk and the matter was

 -3-
 IN RE: HOFFMAN

 Opinion of the Court

continued again until 11 August 2016. Issues with the sale continued with the

prospective buyer backing out of the purchase agreement and wanting a lower price.

As a result of the issues and the need to have the property occupied with some source

of income, petitioner’s counsel recommended a lease to the potential buyer until they

could proceed with a sale. Counsel for the parties worked together to construct a

lease but respondent would not agree. Therefore, petitioner sought court approval of

the lease by motion filed 26 July 2016. The clerk filed an order approving the lease

on 1 August 2016 “in order to stop the wasting of the asset of the trust and to receive

rental income.” The matter then came back on for hearing on 11 August 2016 as

scheduled. At that time, the clerk revisited petitioner’s petition to remove respondent

as co-trustee. An order granting the petition to remove respondent as co-trustee was

filed 16 September 2016.

 Following the removal of respondent as co-trustee, petitioner filed a motion for

attorneys’ fees and costs on 12 October 2016. Petitioner sought a total of $26,096.70,

claiming it was expressly allowed under N.C. Gen. Stat. § 36C-10-1004.

 Petitioner’s motion for attorneys’ fees and costs came on for hearing before the

clerk on 18 November 2016. On 22 November 2016, the clerk filed an order awarding

some attorneys’ fees and costs to petitioner. Specifically, the clerk found “[t]hat

[r]espondent’s behavior as [c]o-[t]rustee during July and August 2016 was egregious

and obstructionist, jeopardizing the health of the Mayette E. Hoffman Living Trust[.]”

 -4-
 IN RE: HOFFMAN

 Opinion of the Court

Therefore, the award was limited to $7,243.00 in attorneys’ fees and costs for services

rendered to petitioner from 7 July 2016 through 12 August 2016. The clerk

concluded the limited award for “services rendered . . . during the period of July and

August 2016[] is within the discretion of [the] [c]ourt and is appropriate because of

[r]espondent’s egregious and obstructionist behavior as [c]o-[t]rustee[.]” The clerk

further concluded that “[c]osts before and after July and August 2016 are not relevant

to the egregious and obstructionist behavior of . . . [r]espondent and are therefore

denied[.]”

 Respondent filed notice of appeal to the superior court on 30 November 2016.

Following a hearing before the Honorable David L. Hall in Guilford County Superior

Court, on 23 May 2017, an order was filed by the superior court denying respondent’s

appeal. Respondent filed notice of appeal to this Court on 22 June 2017.

 II. Discussion

 The sole issue raised by respondent on appeal to this Court is whether the

superior court erred in finding there was a factual basis to support the clerk’s award

of attorneys’ fees and costs. Respondent does not challenge his removal as co-trustee.

 Pertinent to this case, the North Carolina Uniform Trust Code (“UTC”),

Chapter 36C of the North Carolina General Statutes, provides that “[i]n a judicial

proceeding involving the administration of a trust, the court may award costs and

expenses, including reasonable attorneys’ fees, as provided in the General Statutes.”

 -5-
 IN RE: HOFFMAN

 Opinion of the Court

N.C. Gen. Stat. § 36C-10-1004 (2017). The “North Carolina Comment” to N.C. Gen.

Stat. § 36C-10-1004, in turn, directs attention specifically to N.C. Gen. Stat. § 6-21(2),

which provides that “[c]osts . . . shall be taxed against either party, or apportioned

among the parties, in the discretion of the court” in “any action or proceeding which

may require the construction of any . . . trust agreement, or fix the rights and duties

of parties thereunder . . . .” N.C. Gen. Stat. § 6-21(2) (2017).

 Respondent acknowledges these statutes, but asserts the discretion of the

court to award attorneys’ fees and costs is “severely constrained” to those instances

where there is egregious conduct, such as bad faith or fraud. Respondent relies on

the “Official Comment” to N.C. Gen. Stat. § 36C-10-1004 and this Court’s decision in

Belk v. Belk, 221 N.C. App. 1, 728 S.E.2d 356 (2012). We are not convinced that the

discretion of the court to award attorneys’ fees and costs is so limited.

 In Belk, the respondent was ordered to pay $138,043.55 in attorneys’ fees in an

action seeking an accounting of custodial funds. Belk, 221 N.C. App. at 5, 728 S.E.2d

at 358. Among the issues raised on appeal, the respondent argued the trial court

erred in awarding attorneys’ fees because there is no statutory authority for such an

award under the North Carolina Uniform Transfers to Minors Act (“UTMA”), Chapter

33A of our General Statutes. Id. at 12, 728 S.E.2d at 363. Recognizing that attorneys’

fees are not ordinarily recoverable in North Carolina absent express statutory

authority and that the UTMA is silent regarding attorneys’ fees, this Court looked to

 -6-
 IN RE: HOFFMAN

 Opinion of the Court

N.C. Gen. Stat. § 6-21(2) and determined that “trust agreement” as used in that

section was not limited to trusts governed under the UTC, but included custodial

arrangements under the UTMA. Id. at 12-15, 728 S.E.2d at 363-64 (“[T]he generic

provision in N.C. Gen. Stat. § 6-21(2) allowing for the award of attorney’s fees in an

action to fix the rights and duties of a party under a trust agreement encompasses

actions under UTMA for the removal of a custodian and resulting accounting[.]”).

This Court bolstered its decision with a review of cases from other jurisdictions which

have allowed attorneys’ fees in actions to remove a custodian or for an accounting

under the UTMA. Id. at 15-17, 728 S.E.2d at 365-66.

 Upon finding attorneys’ fees may be awarded in UTMA cases pursuant to N.C.

Gen. Stat. § 6-21(2), this Court went a step further, stating that “we believe there is

ample authority providing for not only an award of attorney’s fees in this case, but

also for that award to be assessed against respondent personally, as custodian, rather

than against the corpus of [the] UTMA account.” Id. at 18, 728 S.E.2d at 366. This

Court explained that

 persuasive precedent from other jurisdictions on this issue
 reason that the goal of a breach of fiduciary duty action
 under UTMA is to make the minor beneficiary whole,
 which cannot be accomplished if the minor, either
 personally or by way of her account funds, must expend
 more in attorney’s fees to recover the lost corpus of the
 account than its original value.

Id. This Court also, again, looked to the UTC and N.C. Gen. Stat. § 36C-10-1004,

noting that the “Official Comment” to that section provides that

 -7-
 IN RE: HOFFMAN

 Opinion of the Court

 [t]he court may award a party its own fees and costs from
 the trust. The court may also charge a party’s costs and
 fees against another party to the litigation. Generally,
 litigation expenses were at common law chargeable against
 another party only in the case of egregious conduct such as
 bad faith or fraud.

Id. at 19, 728 S.E.2d at 367 (quoting N.C. Gen. Stat. § 36C-10-1004 official comment)

(emphasis in original).

 Respondent contends that, in Belk, this Court “adopted and confirmed that

standard [in the official comment] and required egregious conduct on the part of the

respondent in order to justify the award of fees against him.” We disagree.

 In Belk, this Court cited In re Jacobs, 91 N.C. App. 138, 370 S.E.2d 860 (1988),

explaining as follows:

 Finding the assessment of costs, including attorney’s fees
 assessable to a fiduciary, both as a matter of then-existing
 statutory law and as a matter of common law in North
 Carolina, we stated in Jacobs that “damages for breach of
 trust are designed to restore the trust to the same position
 it would have been in had no breach occurred[,]” and
 therefore, “the court may fashion its order to fit the nature
 and gravity of the breach and the consequences to the
 beneficiaries and trustee.”

Belk, 221 N.C. App. at 19, 728 S.E.2d at 367 (quoting Jacobs, 91 N.C. App. at 146,

370 S.E.2d at 865) (emphasis added).

 In Jacobs¸ the Court affirmed the order awarding costs, witness fees, and

attorneys’ fees without mention of whether the conduct of the defendant was

egregious. Jacobs, 91 N.C. App. at 145-46, 370 S.E.2d at 865. In fact, the Court noted

 -8-
 IN RE: HOFFMAN

 Opinion of the Court

there were no findings showing a breach of the UTC. Id. at 146, 370 S.E.2d at 865.

Similarly, in Belk, this Court held that the trial court’s finding of egregious conduct

“indicates that respondent undoubtedly would have been personally liable for the

attorney’s fees at issue, were this an ordinary breach of trust action.” Belk, 221 N.C.

App. at 21, 728 S.E.2d at 368.

 This Court never addressed whether conduct that is not egregious would

support an award of attorneys’ fees. Although this Court noted that in most instances

an award of attorneys’ fees will not be taxable personally against a trustee or

custodian, id., the Court’s holding does not mandate that egregious conduct is

required for an award of attorneys’ fees.

 Nowhere in N.C. Gen. Stat. §§ 36C-10-1004 or 6-21(2) is there a requirement

that egregious conduct must be found before attorneys’ fees are awarded. Read

together, those statutes provide that in a judicial proceeding involving the

administration of a trust, the court may award costs and expenses, including

reasonable attorneys’ fees, in the discretion of the court. Furthermore, it is important

to recognize that although Belk looks to the UTC for guidance, its decision that

attorneys’ fees may be awarded in a UTMA proceeding is not controlling in this case.

 However, even if we had found that egregious conduct was necessary for

awarding fees, we find there was sufficient evidence of egregious conduct to support

the superior court’s denial of respondent’s appeal. N.C. Gen. Stat. § 1-301.3 governs

 -9-
 IN RE: HOFFMAN

 Opinion of the Court

the appeal of trust and estate matters determined by the clerk. Concerning the duty

of the judge on appeal, it provides as follows:

 Upon appeal, the judge of the superior court shall review
 the order or judgment of the clerk for the purpose of
 determining only the following:

 (1) Whether the findings of fact are supported by the
 evidence.

 (2) Whether the conclusions of law are supported by the
 findings of facts.

 (3) Whether the order or judgment is consistent with the
 conclusions of law and applicable law. . . .

N.C. Gen. Stat. § 1-301.3(d) (2017).

 Here, the clerk’s award of attorneys’ fees was limited to $7,243.00 for services

rendered from 7 July 2016 through 12 August 2016. The clerk found that during that

time frame, “[r]espondent’s behavior as [c]o-[t]rustee . . . was egregious, and

obstructionist, jeopardizing the health of [the trust].” Upon review of the record on

appeal to the superior court, the court determined that the clerk’s findings were

supported by the pleadings and hearings before her, that these findings supported

the clerk’s award of attorneys’ fees, and the clerk did not abuse her discretion in

awarding attorneys’ fees.

 Respondent now argues the superior court erred because there is no basis for

the clerk’s finding that his behavior was egregious and obstructionist. We disagree.

 - 10 -
 IN RE: HOFFMAN

 Opinion of the Court

 The record indicates that all parties were aware that there were issues with

the property that were causing the property to waste as it remained vacant. The

parties were attempting to sell the property and had an agreement to sell but the

buyer had reservations. During the relevant period from 7 July 2016 through

12 August 2016, respondent refused to accept alternative arrangements, maintaining

the position that the buyer must perform on the agreement to purchase. The record

is clear that all parties were concerned that the property was deteriorating while it

was vacant, without utilities, uninsured, and uninsurable. The lease agreement

proposed by petitioner’s counsel and negotiated by counsel for all parties addressed

these concerns and generated income while the parties continued to work towards a

sale of the property. Respondent’s counsel indicated that they did not oppose

petitioner’s motion for the clerk to approve the lease, but explained that respondent

refused to sign the lease as co-trustee. When the clerk made her decision to remove

respondent as co-trustee, the clerk indicated it was this unwillingness and delay by

respondent, which caused the clerk to intervene to approve the lease, that constituted

the change in circumstances warranting removal.

 Based on the record before this Court, we hold the superior court did not err in

determining the record supported the clerk’s finding that respondent’s conduct “was

egregious and obstructionist, jeopardizing the health of the [trust].” The clerk did not

abuse her discretion in awarding attorneys’ fees.

 - 11 -
 IN RE: HOFFMAN

 Opinion of the Court

 III. Conclusion

 For the reasons discussed, we affirm the superior court’s denial of respondent’s

appeal from the clerk’s award of attorneys’ fees.

 AFFIRMED.

 Judges CALABRIA and ZACHARY concur.

 - 12 -