ARROWOOD, Judge.
*255 James Hoffman ("respondent") appeals from an order entered in Guilford County Superior Court denying his appeal from the Guilford County Clerk of Superior Court's award of attorneys' fees in favor of Kimberli Hoffman Bullard ("petitioner"). For the following reasons, we affirm.
I. Background
This appeal of an attorneys' fees award arises out of a special proceeding between petitioner and respondent in their roles as co-trustees of a trust, the primary asset of which is a residence located at 4423 Oakcliffe Road in Greensboro, North Carolina. Petitioner and respondent became solely responsible for the property as co-trustees after their father, Mayette E. Hoffman, was adjudicated incompetent in September *256 2010 and suffered health issues in May 2012 that forced him to permanently move from the property into a retirement community, leaving the property unoccupied. Letters by the father's attorney, now petitioner's attorney, dated 10 May 2013 and by the father's guardian's attorney dated 3 December 2013 notified petitioner and respondent of their fiduciary duties as co-trustees to manage the property, including dealing with the repair and maintenance issues that plagued the property.
Over the next couple of years, because petitioner and respondent disagreed over the management of the trust, the property remained vacant, bills went unpaid, insurance lapsed, and the property continued to deteriorate. On 10 April 2015, petitioner sent a certified letter to respondent outlining alleged breaches of respondent's fiduciary duties and requesting that he voluntarily resign as co-trustee. Respondent signed a return receipt on 13 April 2015 acknowledging acceptance of the letter, but did not otherwise respond.
On 28 May 2015, petitioner filed a petition to remove respondent as co-trustee for cause. In addition to removal, petitioner sought damages, costs, and attorneys' fees. The petition sought removal and damages because
[r]espondent, by failing [to] agree to repairs and renovations to ready and place the real property on the market; by allowing the assets to waste and to continue to deplete the cash assets of the guardianship estate; by acting unilaterally to place the home for sale; and by removing personal property of his father from the home, has acted with bad faith and with improper motive and has breached the duty to administer the trust in good faith, in accordance with its terms, purposes and interests of the beneficiaries in violation of N.C.G.S. § 36C-8-801 and 802.
Respondent filed a response and counterclaim on 4 June 2015. Respondent alleged that he had expended his own time and money on the upkeep of the property and to avert tax foreclosure. Thus, respondent sought reimbursement for amounts expended.
*403 Respondent also sought to prevent petitioner from "hampering and disrupting the efforts to sell the real estate." Petitioner answered respondent's counterclaim.
The matter first came on for hearing 18 and 19 April 2016 before the Honorable Lisa Johnson-Tonkins, Clerk of Guilford County Superior Court. That hearing concluded with the parties agreeing to sell the property and requesting that the clerk continue the matter to allow time for a sale. The clerk granted the continuance. The matter came back on *257 for hearing on 11 July 2016. At that time, issues in the sale of the property were explained to the clerk and the matter was continued again until 11 August 2016. Issues with the sale continued with the prospective buyer backing out of the purchase agreement and wanting a lower price. As a result of the issues and the need to have the property occupied with some source of income, petitioner's counsel recommended a lease to the potential buyer until they could proceed with a sale. Counsel for the parties worked together to construct a lease but respondent would not agree. Therefore, petitioner sought court approval of the lease by motion filed 26 July 2016. The clerk filed an order approving the lease on 1 August 2016 "in order to stop the wasting of the asset of the trust and to receive rental income." The matter then came back on for hearing on 11 August 2016 as scheduled. At that time, the clerk revisited petitioner's petition to remove respondent as co-trustee. An order granting the petition to remove respondent as co-trustee was filed 16 September 2016.
Following the removal of respondent as co-trustee, petitioner filed a motion for attorneys' fees and costs on 12 October 2016. Petitioner sought a total of $26,096.70, claiming it was expressly allowed under N.C. Gen. Stat. § 36C-10-1004.
Petitioner's motion for attorneys' fees and costs came on for hearing before the clerk on 18 November 2016. On 22 November 2016, the clerk filed an order awarding some attorneys' fees and costs to petitioner. Specifically, the clerk found "[t]hat [r]espondent's behavior as [c]o-[t]rustee during July and August 2016 was egregious and obstructionist, jeopardizing the health of the Mayette E. Hoffman Living Trust[.]" Therefore, the award was limited to $7,243.00 in attorneys' fees and costs for services rendered to petitioner from 7 July 2016 through 12 August 2016. The clerk concluded the limited award for "services rendered ... during the period of July and August 2016[ ] is within the discretion of [the] [c]ourt and is appropriate because of [r]espondent's egregious and obstructionist behavior as [c]o-[t]rustee[.]" The clerk further concluded that "[c]osts before and after July and August 2016 are not relevant to the egregious and obstructionist behavior of ... [r]espondent and are therefore denied[.]"
Respondent filed notice of appeal to the superior court on 30 November 2016. Following a hearing before the Honorable David L. Hall in Guilford County Superior Court, on 23 May 2017, an order was filed by the superior court denying respondent's appeal. Respondent filed notice of appeal to this Court on 22 June 2017.
*258 II. Discussion
The sole issue raised by respondent on appeal to this Court is whether the superior court erred in finding there was a factual basis to support the clerk's award of attorneys' fees and costs. Respondent does not challenge his removal as co-trustee.
Pertinent to this case, the North Carolina Uniform Trust Code ("UTC"), Chapter 36C of the North Carolina General Statutes, provides that "[i]n a judicial proceeding involving the administration of a trust, the court may award costs and expenses, including reasonable attorneys' fees, as provided in the General Statutes." N.C. Gen. Stat. § 36C-10-1004 (2017). The "North Carolina Comment" to N.C. Gen. Stat. § 36C-10-1004, in turn, directs attention specifically to N.C. Gen. Stat. § 6-21(2), which provides that "[c]osts ... shall be taxed against either party, or apportioned among the parties, in the discretion of the court" in "any action or proceeding which may require the construction of any ... trust agreement, or fix the rights and duties of parties thereunder...." N.C. Gen. Stat. § 6-21(2) (2017).
Respondent acknowledges these statutes, but asserts the discretion of the court *404 to award attorneys' fees and costs is "severely constrained" to those instances where there is egregious conduct, such as bad faith or fraud. Respondent relies on the "Official Comment" to N.C. Gen. Stat. § 36C-10-1004 and this Court's decision in Belk v. Belk , 221 N.C. App. 1, 728 S.E.2d 356 (2012). We are not convinced that the discretion of the court to award attorneys' fees and costs is so limited.
In Belk , the respondent was ordered to pay $138,043.55 in attorneys' fees in an action seeking an accounting of custodial funds. Belk , 221 N.C. App. at 5, 728 S.E.2d at 358. Among the issues raised on appeal, the respondent argued the trial court erred in awarding attorneys' fees because there is no statutory authority for such an award under the North Carolina Uniform Transfers to Minors Act ("UTMA"), Chapter 33A of our General Statutes. Id . at 12, 728 S.E.2d at 363. Recognizing that attorneys' fees are not ordinarily recoverable in North Carolina absent express statutory authority and that the UTMA is silent regarding attorneys' fees, this Court looked to N.C. Gen. Stat. § 6-21(2) and determined that "trust agreement" as used in that section was not limited to trusts governed under the UTC, but included custodial arrangements under the UTMA. Id . at 12-15, 728 S.E.2d at 363-64 ("[T]he generic provision in N.C. Gen. Stat. § 6-21(2) allowing for the award of attorney's fees in an action to fix the rights and duties of a party under a trust agreement encompasses actions under UTMA for the removal of a custodian and *259 resulting accounting[.]"). This Court bolstered its decision with a review of cases from other jurisdictions which have allowed attorneys' fees in actions to remove a custodian or for an accounting under the UTMA. Id . at 15-17, 728 S.E.2d at 365-66.
Upon finding attorneys' fees may be awarded in UTMA cases pursuant to N.C. Gen. Stat. § 6-21(2), this Court went a step further, stating that "we believe there is ample authority providing for not only an award of attorney's fees in this case, but also for that award to be assessed against respondent personally, as custodian, rather than against the corpus of [the] UTMA account." Id . at 18, 728 S.E.2d at 366. This Court explained that
persuasive precedent from other jurisdictions on this issue reason that the goal of a breach of fiduciary duty action under UTMA is to make the minor beneficiary whole, which cannot be accomplished if the minor, either personally or by way of her account funds, must expend more in attorney's fees to recover the lost corpus of the account than its original value.
Id . This Court also, again, looked to the UTC and N.C. Gen. Stat. § 36C-10-1004, noting that the "Official Comment" to that section provides that
[t]he court may award a party its own fees and costs from the trust. The court may also charge a party's costs and fees against another party to the litigation. Generally, litigation expenses were at common law chargeable against another party only in the case of egregious conduct such as bad faith or fraud.
Id . at 19, 728 S.E.2d at 367 (quoting N.C. Gen. Stat. § 36C-10-1004 official comment) (emphasis in original).
Respondent contends that, in Belk , this Court "adopted and confirmed that standard [in the official comment] and required egregious conduct on the part of the respondent in order to justify the award of fees against him." We disagree.
In Belk , this Court cited In re Jacobs , 91 N.C. App. 138, 370 S.E.2d 860 (1988), explaining as follows:
Finding the assessment of costs, including attorney's fees assessable to a fiduciary, both as a matter of then-existing statutory law and as a matter of common law in North *260 Carolina , we stated in Jacobs that "damages for breach of trust are designed to restore the trust to the same position it would have been in had no breach occurred[,]" and therefore, "the court may fashion its order to fit the nature and gravity of the breach and the consequences to the beneficiaries and trustee."
Belk , 221 N.C. App. at 19, 728 S.E.2d at 367 (quoting Jacobs , 91 N.C. App. at 146, 370 S.E.2d at 865 ) (emphasis added).
*405 In Jacobs, the Court affirmed the order awarding costs, witness fees, and attorneys' fees without mention of whether the conduct of the defendant was egregious. Jacobs , 91 N.C. App. at 145-46, 370 S.E.2d at 865. In fact, the Court noted there were no findings showing a breach of the UTC. Id . at 146, 370 S.E.2d at 865. Similarly, in Belk , this Court held that the trial court's finding of egregious conduct "indicates that respondent undoubtedly would have been personally liable for the attorney's fees at issue, were this an ordinary breach of trust action." Belk , 221 N.C. App. at 21, 728 S.E.2d at 368.
This Court never addressed whether conduct that is not egregious would support an award of attorneys' fees. Although this Court noted that in most instances an award of attorneys' fees will not be taxable personally against a trustee or custodian, id ., the Court's holding does not mandate that egregious conduct is required for an award of attorneys' fees.
Nowhere in N.C. Gen. Stat. §§ 36C-10-1004 or 6-21(2) is there a requirement that egregious conduct must be found before attorneys' fees are awarded. Read together, those statutes provide that in a judicial proceeding involving the administration of a trust, the court may award costs and expenses, including reasonable attorneys' fees, in the discretion of the court. Furthermore, it is important to recognize that although Belk looks to the UTC for guidance, its decision that attorneys' fees may be awarded in a UTMA proceeding is not controlling in this case.
However, even if we had found that egregious conduct was necessary for awarding fees, we find there was sufficient evidence of egregious conduct to support the superior court's denial of respondent's appeal. N.C. Gen. Stat. § 1-301.3 governs the appeal of trust and estate matters determined by the clerk. Concerning the duty of the judge on appeal, it provides as follows:
Upon appeal, the judge of the superior court shall review the order or judgment of the clerk for the purpose of determining only the following:
*261 (1) Whether the findings of fact are supported by the evidence.
(2) Whether the conclusions of law are supported by the findings of facts.
(3) Whether the order or judgment is consistent with the conclusions of law and applicable law....
N.C. Gen. Stat. § 1-301.3(d) (2017).
Here, the clerk's award of attorneys' fees was limited to $7,243.00 for services rendered from 7 July 2016 through 12 August 2016. The clerk found that during that time frame, "[r]espondent's behavior as [c]o-[t]rustee ... was egregious, and obstructionist, jeopardizing the health of [the trust]." Upon review of the record on appeal to the superior court, the court determined that the clerk's findings were supported by the pleadings and hearings before her, that these findings supported the clerk's award of attorneys' fees, and the clerk did not abuse her discretion in awarding attorneys' fees.
Respondent now argues the superior court erred because there is no basis for the clerk's finding that his behavior was egregious and obstructionist. We disagree.
The record indicates that all parties were aware that there were issues with the property that were causing the property to waste as it remained vacant. The parties were attempting to sell the property and had an agreement to sell but the buyer had reservations. During the relevant period from 7 July 2016 through 12 August 2016, respondent refused to accept alternative arrangements, maintaining the position that the buyer must perform on the agreement to purchase. The record is clear that all parties were concerned that the property was deteriorating while it was vacant, without utilities, uninsured, and uninsurable. The lease agreement proposed by petitioner's counsel and negotiated by counsel for all parties addressed these concerns and generated income while the parties continued to work towards a sale of the property. Respondent's counsel indicated that they did not oppose petitioner's motion for the clerk to approve the lease, but explained that respondent refused to sign the lease as co-trustee. When the clerk made her decision to remove respondent as co-trustee, *406 the clerk indicated it was this unwillingness and delay by respondent, which caused the clerk to intervene to approve the lease, that constituted the change in circumstances warranting removal. *262 Based on the record before this Court, we hold the superior court did not err in determining the record supported the clerk's finding that respondent's conduct "was egregious and obstructionist, jeopardizing the health of the [trust]." The clerk did not abuse her discretion in awarding attorneys' fees.
III. Conclusion
For the reasons discussed, we affirm the superior court's denial of respondent's appeal from the clerk's award of attorneys' fees.
AFFIRMED.
Judges CALABRIA and ZACHARY concur.