IN THE MATTERS OF: TASHA JOHNSTON, JESSICA JOHNSTON, AND
PAUL ALEXANDER

No. COA01-1440

(Filed 6 August 2002)

**1. Termination of Parental Rights— findings of fact—supporting evidence**

There was sufficient evidence in a proceeding to terminate a mother's parental rights, including testimony by a social worker, to support the trial court's findings that the mother made little progress in the practical application of instructions to supervise her children and that the mother was not able to put into practice what she had learned in parenting classes.

IN RE JOHNSTON

[151 N.C. App. 728 (2002)]

2. **Termination of Parental Rights— special needs of another child in home—treatment of other children**

The trial court did not err in a termination of parental rights case by admitting evidence of and making findings of fact concerning the special needs of one of respondent mother's children, respondent's inability to deal with that child's issues, and her subsequent voluntary surrender of her parental rights to him, because: (1) it is of critical importance for the trial court to have a thorough understanding of any circumstance that reasonably impacts the children and is related to the grounds for termination; and (2) how another child in the same home has been treated and the current status of that child are relevant.

3. **Termination of Parental Rights— willfully leaving children in foster care for more than twelve months—best interests of child**

The trial court did not err by terminating respondent mother's parental rights to three of her children, because: (1) the trial court found that respondent willfully left the children in foster care for more than twelve months without showing reasonable progress to correct the conditions which led to the children's removal, N.C.G.S. § 7B-1111(a)(2); and (2) the finding of any of the factors listed in N.C.G.S. § 7B-1111 is sufficient to support a termination based on the best interests of the child.

Appeal by respondent from judgment entered 9 January 2001 by Judge Lisa C. Bell in Mecklenburg County District Court. Heard in the Court of Appeals 13 June 2002.

*Leslie C. Rawls for respondent-appellant.*

*Alan B. Edmonds for petitioner-appellee.*

THOMAS, Judge.

Respondent, Jacqueline Johnston, appeals an order terminating her parental rights to her children, Tasha Johnston, Jessica Johnston, and Paul Alexander. She sets forth three assignments of error. For the reasons discussed herein, we affirm.

Tasha was born on 28 February 1987, Jessica on 15 April 1989, and Paul on 4 January 1995.

The Departments of Social Services of Mecklenburg, Iredell, and Gaston counties have at various times been involved with Johnston's family since 1992. Neglect of Tasha, Jessica, and another child, Q DJ Johnston, who is not a part of this appeal, was first substantiated in 1992 due to unsanitary living conditions in the home and Johnston's history of mental illness and drug use. Tasha and Jessica were temporarily placed with their aunt in Arizona and Q DJ was placed in the legal custody of the Youth and Family Services (YFS) in Mecklenburg County.

In 1995, after Paul was born, neglect was again substantiated due to "filthy living conditions in the family home." In 1997, Tasha, who was then ten years old, had been left in charge of her siblings. A complaint was made to YFS based on inappropriate supervision. The children remained in the home and their behavior deteriorated even while a social worker was involved with them.

A new petition based on neglect and dependency was filed on 6 November 1997, alleging that: (1) the children are poorly supervised, with specific instances of extremely inappropriate conduct by the children noted; (2) the housekeeping has remained in poor shape or worse; (3) the children are neglected because they live in an environment injurious to their health and do not receive proper care, supervision or discipline and are denied necessary medical or remedial care; and (4) the children are dependent because they are in need of placement or assistance. The trial court adjudicated the children dependent and concluded it was in their best interests to be placed in the custody of YFS.

Petitions for termination of Johnston's parental rights to Tasha, Jessica, and Paul were filed in December 1999, alleging, *inter alia,* that the children were: (1) neglected; (2) willfully left in foster care for more than twelve months without a satisfactory showing of progress; and (3) not supported by their parents, despite the parents being physically and financially able to do so.

On 9 January 2001, Johnston's parental rights to Tasha, Jessica, and Paul, and Larry Alexander's rights to Paul, were terminated. Johnston appeals. Tasha's father, Leon Beisner, executed a surrender of his parental rights and is not a party to this appeal. Jessica's father, Jeff Martin, was not served and is not a party to this appeal. Paul's father, Larry Alexander, did not appeal the ruling terminating his parental rights and therefore is also not a party to this appeal.

There is a two-step process in a termination of parental rights proceeding. In the adjudicatory stage, the trial court must determine whether at least one ground for the termination of parental rights listed in N.C. Gen. Stat. § 7B-1111 exists. N.C. Gen. Stat. § 7B-1109. *See also In re Matherly*, 149 N.C. App. 452, 562 S.E.2d 15 (2002). In this stage, the court's decision must be supported by clear, cogent and convincing evidence with the burden of proof on the petitioner. *In re Matherly*, 149 N.C. App. 452, 562 S.E.2d 15 (2002). Once one or more of the grounds for termination are established, the trial court must proceed to the dispositional stage where the best interests of the child are considered. There, the court shall issue an order terminating the parental rights unless it further determines that the best interests of the child require otherwise. *Id.*; N.C. Gen. Stat. § 7B-1110(a).

[1] By her first and second assignments of error, Johnston argues the trial court erred in that the trial court's findings of facts were not supported by the evidence and thus did not support the conclusions of law. She also contends the trial court made findings of facts that were technically conclusions of law and vice-versa. We disagree.

If the trial court's findings of fact are supported by competent evidence, and they support its conclusions, they are binding on appeal. *Sain v. Sain*, 134 N.C. App. 460, 517 S.E.2d 921 (1999). "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. R. Civ. P. 52(a)(1). Findings of fact are defined as "[d]eterminations from the evidence of a case . . . concerning facts averred by one party and denied by another." *Black's Law Dictionary* 632 (6th ed. 1990). Conclusions of law are defined as "[f]inding[s] by [a] court as determined through [the] application of rules of law." *Id.* at 290.

In the instant case, Johnston contends there was no evidence to support the trial court's finding that:

12. The mother made little progress in the practical application of instructions to supervise her children. The mother could articulate what she was to do, but could not put what she was taught by social workers into practice. A specific example of this was a disastrous series of overnight visits which occurred in July, 1999.

13. Similarly, the mother was not able to put into practice what she had learned in the parenting classes. The mother could articulate what she was taught in the parenting class, but during the

**IN RE JOHNSTON**

[151 N.C. App. 728 (2002)]

overnight visits in July 1999, she used corporal punishment on Paul and curse words with Jessica.

However, Angenette S. Stephenson, a social worker with YFS, testified that:

> [Johnston] could probably teach a parenting class. She has a lot of knowledge about the subject. But when it actually came down to parenting the children as demonstrated in the visits, she was not so skilled. Specifically, although she had learned timeout skills and had learned how to distract children when they're doing inappropriate behaviors with more positive things and she had learned a lot of different techniques. When she actually had a chance to parent them in the first visit, she used corporal punishment and she used a curse word while yelling at Jessica.

Therefore, there was evidence to support these findings of the trial court. The trial court complies with the requirement to make specific findings of fact and conclusions of law so long as it distinguishes the findings of fact from the conclusions of law in some recognizable fashion. *Highway Church of Christ v. Barber*, 72 N.C. App. 481, 325 S.E.2d 305 (1985). *See also Matter of Wills of Jacobs*, 91 N.C. App. 138, 370 S.E.2d 860 (1988). After a careful review of the record in this case, we hold the trial court's findings of fact are supported by the evidence and support the trial court's conclusions of law. Accordingly, we reject Johnston's arguments.

**[2]** By Johnston's third assignment of error, she argues the trial court prejudicially erred by admitting evidence of and making findings of fact concerning Q DJ's special needs, Johnston's inability to deal with his issues, and her subsequent voluntary surrender of her parental rights to him. We disagree.

Under the statutory definition of "neglected juvenile," the trial court is allowed to consider as relevant evidence "whether [the] juvenile lives in a home . . . where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home." N.C. Gen. Stat. § 7B-101(15) (2001). One of the allegations in the petition for termination here is neglect and another is unsatisfactory progress. It is of critical importance for the trial court to have a thorough understanding of any circumstance that reasonably impacts the children and is related to the grounds for termination. How another child in the same home has been treated, and the current status of that child, are clearly relevant. This assignment of error is rejected.

**[3]** By Johnston's final assignment of error, she argues the trial court erred in terminating her parental rights to Tasha, Jessica, and Paul. We disagree.

We have held that the trial court's findings of fact are supported by competent evidence and the conclusions of law are supported by the findings of fact. The trial court found, *inter alia*, that Johnston wilfully left the children in foster care for more than twelve months without showing reasonable progress to correct the conditions which led to the children's removal. *See* N.C. Gen. Stat. § 7B-1111(a)(2) (2001). The finding of any of the factors listed in section 7B-1111 is sufficient to support a termination based on the best interests of the child. *Matherly*, 149 N.C. App. at 453-54, 562 S.E.2d at 17 (2002); *In re Hardesty*, 150 N.C. App. 380, 385, 563 S.E.2d 79, 83 (2002); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Accordingly, we reject Johnston's argument and affirm the trial court.

AFFIRMED.

Judges MARTIN and TYSON concur.