In re J.N.
No. COA06-819
North Carolina Court of Appeals
Filed March 6, 2007
This case not for publication
Alan B. Edmonds, for the Department of Social/Youth and Family Services, Petitioner-Appellant.
Richard E. Jester, for Respondent-Appellee.
WYNN, Judge.
Parental rights may be terminated when, "[t]he parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile."[1] Here, because the Petitioner did not prove by clear, cogent, and convincing evidence that Respondent willfully left her minor child, J.N., outside the home for more than twelve months without making reasonable progress, we affirm the trial court's decision to dismiss the petition to terminate Respondent's parental rights. The facts of this matter are set forth in our two prior opinions from appeals involving Respondent-Mother and Petitioner, Mecklenburg County Youth and Family Services. In In re J.N., 147 N.C. App. 349, 555 S.E.2d 659 (2002), we reversed the trial court's order terminating Respondent's parental rights due to insufficient evidence. Following that reversal, on 11 July 2002, Petitioner filed another petition to terminate Respondent's parental rights. At the 21 March 2003 hearing, the trial court terminated Respondent's parental rights. Respondent appealed from that order resulting in our unpublished decision to reverse in In re J.N., ___ N.C. App. ___, ___ S.E.2d ___, 2005 N.C. App. LEXIS 936, (2005) holding that the trial court erroneously failed to appoint a Guardian ad Litem for Respondent. Since this was a dispositive issue, we did not address the other issues on appeal.
On remand, the trial court appointed a Guardian ad Litem and rescheduled the termination hearing. The trial court adopted a plan of reunification with Respondent and, in the alternative, adoption. Additionally, Respondent moved for reassessment and asked the court for a new case plan; however, the court denied the motion, despite the fact that the trial court suspended reunification efforts and the case plan dated back to 9 October 1997. Following a third hearing to terminate Respondent's parental rights, the trial court dismissed Petitioner's petition on 9 December 2005.
This appeal arises from Petitioner's contentions that the trial court erred by failing to find and conclude that: (I) Respondent willfully left J.N. in foster care or placement outside the home for more than twelve months; (II) Respondent neglected the minor child; (III) J.N. was in the custody of Petitioner for a continuous period of more than six months next preceding the filing of the petition and Respondent willfully failed for such period to pay a reasonable portion of the cost of care for the minor child although physically and financially able to do so; (IV) Respondent willfully abandoned Juvenile for at least six consecutive months immediately preceding the filing of the petition; and (V) it was in Juvenile's best interest to terminate the Respondent's parental rights.

I.
Petitioner first argues that the trial court erred in failing to find and conclude that Respondent willfully left Juvenile in foster care or placement outside the home for more than twelve months. We disagree.
Under Section 7B-1111(a)(2)of the North Carolina General Statutes,
[t]he court may terminate the parental right upon a finding . . . (2)[t]he parent has willfully left the juvenile in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the court that reasonable progress under the circumstances has been made in correcting those conditions which led to the removal of the juvenile. Provided, however, that no parental rights shall be terminated for the sole reason that the parents are unable to care for the juvenile on account of their poverty.
N.C. Gen. Stat. § 7B-1111(a)(2) (2005). This Court has held that,. . .the twelve-month period begins when a child is left in foster care or placement outside the home pursuant to a court order, and ends when the motion or petition for termination of parental rights is filed. Where the twelve-month period threshold does not expire before the motion or petition is filed, a termination on the basis of N.C.G.S. § 7B-1111(a)(2) cannot be sustained.
In re J.G.B., ___ N.C. App. ___, 628 S.E.2d 450, 456 (2006). (See also In re A.C.F., ___ N.C. App. ___, 626 S.E.2d 729, 731 (2006)).
The termination of parental rights under Section 7B-1111(a)(2) involves a two-part process: (1) the adjudication phase, governed by Section 7B-1109 of the North Carolina General Statutes, and (2) the disposition phase, governed by Section 7B-1110 of the North Carolina General Statutes. See In re Hendren, 156 N.C. App. 364, 366, 576 S.E.2d 372, 375 (2003)(citation omitted).
In the adjudication phase,
[t]he burden is on the petitioner to prove by clear, cogent, and convincing evidence that one of the grounds for termination of parental rights set forth in N.C. Gen. Stat. § 7B-1111(a) exists. The standard for appellate review is whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings of fact support its conclusion of law.
In re C.C., 173 N.C. App. 375, 380, 618 S.E.2d 813, 817, (2005)(citations omitted).
In the dispositional phase, the trial court, having adjudicated that one or more grounds for terminating a parent's rights exist, "determines whether termination of parental rights is in the best interests of the child." Id. at 380, 618 S.E.2d at 817. On appeal, this Court reviews "whether the trial court abused its discretion in terminating parental rights." Id. at 381, 618 S.E.2d at 817.
Here, Petitioner challenges the trial court's findings that Respondent did not willfully leave J.N. in foster care or placement outside the home for a period of twelve months. Specifically, Petitioner contends there was clear, cogent, and convincing evidence to show that Respondent willfully left Juvenile in foster care for twelve months without showing reasonable progress under the circumstances in correcting conditions which led to the removal of Juvenile.
The record reveals that Petitioner filed two different petitions to terminate Respondent's parental rights. The first petition was filed on 5 May 1999, and second petition filed on 11 July 2002. In August of 1997, Juvenile was initially placed in foster care, and the court terminated Respondent's parental rights pursuant to the 5 May 1999 petition. Hence, the previous twelve-month began in August of 1997, (the date J.N. was placed in foster care), and ended on 5 May 1999 (the date that the first petition was filed). In light of this, the time period under section 7B-1111(a)(2) had to start anew.
The new twelve-month period started on 22 January 2002, the date the trial court ordered foster care to continue after this Court reversed the trial court's order terminating Respondent's parental rights, see In re J.N., 147 N.C. App. 349, 555 S.E.2d 659, and ended on 11 July 2002, the date that the second petition was filed. Because less than six months transpired between the court reordering placement and the filing of the second petition, the trial court did not err when it failed to find that Respondent did not willfully leave J.N. in foster care or placement outside Respondent's home for more than twelve months. Petitioner's assignment of error is, therefore, rejected.

II.
Petitioner next argues that the trial court erred in failing to find and conclude that Respondent neglected J.N. We disagree.
A neglected juvenile is defined as:
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2002). In a termination proceeding, "the trial judge acts as both judge and jury, thus resolving any conflicts in the evidence." In re J.W., 173 N.C. App. 450, 457, 619 S.E.2d 534, 541 (2005)(citation omitted). Our review is limited to whether there was clear, cogent, and convincing evidence to support the trial court's findings of fact, and whether these findings support the conclusion of law. "If the decision is supported by such evidence, the district court's findings are binding on appeal, even if there is evidence to the contrary." Id. at 458, 619 S.E.2d at 541 (citation omitted). At the hearing, Petitioner presented no new evidence for the trial court to consider in determining whether Juvenile was a neglected juvenile. "Our Supreme Court has recognized the role of the trial court as finder of fact and the weight that must be accorded these findings." Id. at 458, 619 S.E.2d at 541 (citation omitted). Because Petitioner failed to meet its burden, we conclude the trial court did not err in failing to find that Juvenile was a neglected juvenile.

III.
Petitioner next contends that the trial court erred by failing to find and conclude that Juvenile has been in custody of the Petitioner for a continuous period of more than six months and that Respondent willfully failed to pay a reasonable portion of the cost of care for the minor child although physically and financially able to do so. Petitioner's argument is without merit.
Parental rights may be terminated under section 7B-1111(a)(3) of the North Carolina General Statutes, when "the juvenile has been placed in the custody of a county department of social services . . . for a continuous period of six months next preceding the filing of the petition or motion," and the parent ". . . has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so." N.C. Gen Stat. § 7B-1111(a)(3)(2005).
In termination of parental rights cases, the burden of proof is on Petitioner to prove by clear, cogent, and convincing evidence the grounds for termination. See C.C., 173 N.C. App. at 380, 618S.E.2d at 817 (2005). On appeal, the standard of review is whether the trial court's findings of fact supports its conclusion of law. Id. "If the trial court's findings of fact are supported by competent evidence, and they support its conclusions, they are binding on appeal." In re E.N.S., 164 N.C. App. 146, 151, 595 S.E.2d 167, 170 (quoting In re Johnston, 151 N.C. App. 728, 731, 567 S.E.2d 219, 221 (2002).
Here, there is no dispute that Respondent did not make child support payments for a continuous period of six months next preceding the filing of the petition. The record reveals that Respondent ceased child support payments in 27 October 2000. However, during that period, the trial court terminated Respondent's parental rights and the case was awaiting appellate review. In the 4 December 2001 reversal, this Court stated in the first appeal that, Respondent made her child support payments in a timely manner. However, through the course of the various terminations and appeals, Respondent ceased making payments. In the 9 December 2005 hearing, the trial court found that the judicial system had placed so many roadblocks in Respondent's path that it was unable to determine by clear, cogent, and convincing evidence if Respondent's current behavior was a conscious decision. Based on this conclusion by the trial court, it could not determine if Respondent's failure to pay child support was willful.
Moreover, Petitioner presented no evidence to show Respondent was physically and financially able to provide support. The burden of proof is on Petitioner, not Respondent, to prove the grounds for termination by clear, cogent, and convincing evidence. See C.C., 173 N.C. App. at 380, 618 S.E.2d at 817 (2005). The trial court determined that Petitioner did not prove Respondent willfully failed to pay a reasonable portion for the care of Juvenile for a continuous period of six months. Accordingly, Petitioner's assignment of error is rejected.

IV.
Petitioner next argues that the trial court erred by failing to find and conclude that Respondent willfully abandoned J.N. for at least six consecutive months immediately preceding the filing of the petition. We disagree.
Under Section 7B-1111(a)(7) of the North Carolina General Statutes, parental rights may be terminated when a ". . . parent has willfully abandoned the juvenile for at least six consecutive months immediately preceding the filing of the petition or motion. . . ." N.C. Gen. Stat. § 7B-1111(a)(7)(2002). In general, "[a]bandonment imports any willful or intentional conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." In re T.C.B., 166 N.C. App. 482, 485, 602 S.E.2d 17, 19 (2004)(citation omitted). Moreover, "the word willful encompasses more than an intention to do a thing; there must also be purpose and deliberation. Whether a biological parent has a 'willful' intent to abandon his child is a question of fact to be determined from the evidence." Id. (citation and internal quotations omitted). Hence, Petitioner has the burden of proof to show that Respondent willfully abandoned Juvenile, by clear, cogent, and convincing evidence.
Here, the trial court specifically determined that it could not find by "clear, cogent, and convincing evidence if the mother's behavior . . . is based on her own conscious decision or due to the judicial system's putting up so many roadblocks that reasonable person would give up with the belief that any action would be fruitless." The trial court noted the only new evidence presented by Petitioner to show that Respondent willfully abandoned Juvenile was the fact that she failed to initiate and pursue reunification efforts. Assuming arguendo that Respondent wanted to initiate reunification efforts, Petitioner removed the previous social worker and assigned a new social worker to the case, but, neither Respondent nor her attorney was notified of the change.
Additionally, at the 22 January 2002 hearing, the trial court ordered Respondent to submit to an evaluation by a therapist before she could resume visitation. Respondent completed the psychological evaluation, and submitted this evaluation to the court on 3 June 2002. However, the trial court failed to address visitation in that hearing or in any subsequent hearing, prior to the dismissal of the petition on 1 June 2005. Respondent, by submitting to the psychological exam and presenting it to the trial court, complied with the trial court's order for her to resume visitation and reunify with her child. Hence, it was proper for the trial court not to penalize Respondent by finding that she"willfully abandoned" Juvenile, when the trial court previously failed to address the issue of visitation.
In light of this, we find the trial court did not err when it failed to find and conclude that the Respondent had willfully abandoned J.N. for at least six consecutive months preceding the filing of the petition. Petitioner's assignment of error is, therefore, rejected.

V.
We need not discuss Petitioner's remaining assignment of error relating to whether it was in Juvenile's best interest to terminate Respondent's parental rights because Petitioner was unable to prove any ground under section 7B-1111(a) of the North Carolina General Statutes to terminate Respondent's parental rights.
Accordingly, we affirm the trial court's dismissal of the petition to terminate Respondent's parental rights.
Affirmed.
Judges HUNTER and STEELMAN concur.
Report per rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 7B-1111(a)(2)(2005).